### J. W. Myers v. Jas. A. Easterwood.

(Case No. 3142.)

1. Arbitration and Award.— When, during the progress of a suit actually pending, the parties in writing agree to have their rights to land determined by one man named by them, by whose award they agree to abide, though the arbitration cannot be sustained as one made under the statute, yet the courts will give full effect to an award thus made.

Appeal from Johnson. Tried below before the Hon. D. M. Prendergast.

Appellee brought this suit in trespass to try title against appellant and Samuel Truitt, to recover possession of one thousand two hundred and eighty acres of land, claiming title to and possession of the whole of the tract by virtue of a deed from O. P. Arnold, as sheriff of Johnson county, to C. Y. Kouns, dated the 6th of April, 1875, same purporting to convey the title of the plaintiffs in the case of Haltaman et al. v. Newby et al., and a deed from said C. Y. Kouns to J. A. Easterwood, plaintiff in the court below, praying for judgment of possession, for a production of defendant's deeds, if any; a cancellation of same, for the removal of all cloud from title, and for the confirmation and establishment of same against defendants and those claiming under them, and for damages, etc.

On the 11th day of September, A. D. 1875, appellant and appellee entered into a written agreement to arbitrate the question of title. This agreement of submission stated that it was made under the statute; that certain disputes existed between them respecting the title; that both parties claim title; that, mutually consenting to the adjustment and settlement of their rights to the land by arbi-

tration, they chose T. D. Lorance, to whom they agreed to submit the matter in dispute between them for settlement, with authority to meet at the time and place assigned by the clerk of the district court for the settlement of the claims of the parties, and to examine the evidence, etc., relative to the said land by reason of their adverse claims thereto; that the said T. D. Lorance should be the sole arbitrator; "that after hearing the evidence he shall make up his award and deliver same to the district clerk, etc., to be disposed of according to law, and which shall be final and conclusive upon the parties in regard to the aforesaid subject matter in dispute." This agreement was filed in the district court in this cause on the 11th day of September, 1875. Under this agreement a day was appointed by the clerk.

On the 20th of September, 1875, the award of the arbitrator was filed in this cause, which stated "that the undersigned arbitrator, to whom the parties to this cause had submitted the matter in dispute, involving the title to the Isaac Sanders survey of one thousand two hundred and eighty acres of land, awarded that John W. Myers shall have seven hundred and fifty acres of said land according to quality, and the said James Easterwood shall release to the said Myers all right, title and interest therein, and the said Easterwood shall have and recover five hundred and thirty acres of said land, and the said Myers shall release to said Easterwood all right, title and interest therein, and each party shall execute and deliver to the other their deeds of release in accordance with the above award. Signed by T. D. Lorance."

Easterwood filed his motion alleging that the parties had, on the 11th day of September, 1875, submitted the matters in dispute to arbitration by their agreement in writing, as was by the statute in such cases made and provided; that said agreement was filed with the district clerk, and that he appointed the 18th of September, 1875, for the trial of said cause by arbitration, and on said day that the same was decided by arbitration; and plaintiff exhibited the agreement and the award made under same, and prayed the court that the same be made the judgment of the court; that plaintiff recover five hundred and thirty acres of the land according to quality, and that seven hundred and fifty acres be allotted to defendant. On the same day defendant filed his answer to said motion, and on the 28th of December, 1875, defendant filed his motion to set aside the submission and award.

The charge of the court submitted two issues to the jury:

1st. Whether the parties had submitted the matters in dispute to

an arbitration, and whether the arbitrator had made an award, and to find for the plaintiff the land awarded to him by said award; that if they should find for the plaintiff under the award, then they should return a verdict without looking further; but should they fail to find under above instructions as to the award, then they were instructed to inquire.

2d. As to the title of plaintiff to the entire tract of land.

The jury returned a verdict for the plaintiff for five hundred and thirty acres of the land in dispute. The judgment of the court was rendered according to the finding of the jury, a writ of possession was awarded plaintiff, and commissioners were appointed to divide the land.

*Amzi Bradshaw*, for appellant, cited: Owens *v*. Withee, 3 Tex., 161; Aspley *v*. Thomas, 17 Tex., 220; also 9 Tex., 44; Forshey *v*. R. R. Co., 16 Tex., 533; Morse on Arb., 43, 69, 81, 166, 257–8, 513–603, and cases cited; also S. C. R. R. Co. *v*. Moore, 28 Ga., 398; French *v*. New, 20 Barb., 481; Tyler *v*. Dyer, 13 Me., 41; Benjamine *v*. Benjamine, 5 Watts & S., 562; Fink *v*. Fink, 8 Clark (Iowa), 313; Chaplin *v*. Overseers of the Poor, 30 Am. Dec., 504; Cox *v*. Jogger, 14 Am. Dec., 522; Jones *v*. Boston Mill Corp., 16 Am. Dec., 358, and notes; Davis *v*. Howard, id., 537.

*Otis & Kouns* and *D. T. Bledsoe*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— There are some things in the agreement of the parties to arbitrate which indicate that it was their intention to arbitrate under the statute. Though the arbitration cannot be sustained as one under the statute, for the reason that the matter was submitted to one sole arbitrator, while the statute provides for two, and, in case of their disagreement, for an umpire, yet we are of the opinion that the parties must be held to have intended that such an arbitration should be made as would effectually settle the matter of difference between them, and as should be enforceable by the courts.

In other words, they must be held to have known that their agreement was not good for an arbitration under the statute; held to have known the law applicable to their agreement, and to have intended that their agreement should have effect, which can be given to it only by considering it as an arbitration and award good at law, and without reference to the statute.

We do not propose to enter into an extended consideration of

the vexed question as to whether an arbitration intended by the parties to be under the statute, but for some reason not carried out in accordance with the statute, should be enforced as a common law arbitration and award. The authorities upon this question are conflicting.

In this case it appears that there was a controversy,— a suit actually pending between them in regard to the ownership of the land in question, and that by an instrument in writing they each agreed to leave their respective rights to the determination of one man, in whose integrity they each had confidence, and with whose award they agreed to abide and comply.

If the parties had, in settlement of their contested claims to the land, made a written agreement that the land should be divided between them just as the arbitrator said that it should be done, and that they would make the proper conveyances to perfect their respective titles, no court would have refused to enforce such an agreement if fairly made. Such an agreement would be sustained by a valuable consideration, and in its spirit such as the courts would commend.

The award of the arbitator is substantially the agreement of the parties, for they each empowered the arbitrator to ascertain and declare the terms of the agreement, and by his award, when fairly made, they ought to be as much bound as though they had made an agreement directly between themselves, embracing the terms of the award.

In 1 Swanst., 54, it is said by the lord chancellor, " That a bill will lie for the specific performance of an award is clear, because the award supposes an agreement between the parties, and contains no more than the terms of that agreement ascertained by a third person, and then the bill calls only for a specific performance of an agreement in another shape."

In Jones v. Boston Mill Corporation, 4 Pick., 515, Parker, C. J., thus forcibly expresses the rule and reason: " These latter cases put the subject on its true footing, that is, the specific performance of a contract in writing, for the submission is the agreement. It is virtually a contract to do what is awarded, and there does not seem to be any reason why it is not as much the subject of equity power, as if the contract were complete without the interference of an arbitrator. We have no doubt that when the award is to do a specific thing in relation to real estate, pursuant to the agreement of the parties in writing, the award, being valid in law, it is subject to the equity jurisdiction of this court, within the letter of the statute, without any

subsequent assent, express or implied." Penniman v. Rodman, 13 Metc., 384; McNiel v. Magee et al., 5 Mason, 256.

If the agreement to arbitrate had empowered the arbitrator to execute to the respective parties such deeds as might be necessary to carry out his award, and he had done so, acting in all things fairly, such conveyances would have been valid; and why? Simply because the parties had so agreed, and had given him the power; and yet his power to execute deeds could not be exercised until, under the power conferred upon him by the parties, he had first determined their respective rights.

To that determination the arbitrator in this cause came, and the courts have full power to, and ought to, give full effect to the agreement of the parties thus practically reached, that agreement being sustained by a valuable consideration.

It is claimed that real estate cannot be made the subject matter of arbitration. This question is well settled to the contrary. Morse on Arbitration, 54. The agreement of the parties and the award were in writing and satisfy the statute of frauds.

It is evident, from the charge of the court and the verdict and judgment, that the case was disposed of in accordance with the award of the arbitrator, and, although the court in effect instructed the jury, if they did not find for the plaintiff under the award, that they might, if they found the facts alleged to exist, find for him the entire land under the sale made upon a cost bill which issued, pending the appeal, in the case of Haltman v. Newby, yet, notwithstanding that charge was erroneous, it did not prejudice the right of the appellant.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered June 29, 1883.]