## HILL v. WALKER et al.

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1911. On Motion for Rehearing, Nov. 15, 1911.)

1. **JUDGMENT** (§ 743*) — CONCLUSIVENESS — MATTERS CONCLUDED.

In a former action between the same parties involving the same land, the court charged the jury that the land in controversy belonged to plaintiff, unless the land was included within the boundaries of defendant's deed. A judgment, based on a verdict rendered upon this instruction, having been affirmed, *held*, that the title of plaintiff to the land was adjudicated, and could not be contested in another action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1275–1277; Dec. Dig. § 743.*]

2. **JUDGMENT** (§ 743*) — CONCLUSIVENESS — MATTERS CONCLUDED.

Where a judgment in a former action, between the same parties and involving the same land, established the interest of each in such land, such judgment was an adjudication of defendant's right to claim land by adverse possession, and defendant could set up only adverse possession had since the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1275–1277; Dec. Dig. § 743.*]

3. **FRAUDS, STATUTE OF** (§ 70*)—REAL PROPERTY—BOUNDARIES.

Where the boundary line between the lands of plaintiff and defendant, while established by a judgment, had not been run according to courses and distances, and the parties disagreed as to the way it should be run, it was competent for them to orally agree that two surveyors should locate the line, and that it should be binding, for, while an oral agreement between parties to establish a boundary line, so as to give one land that admittedly belongs to another, would be within the statute of frauds, yet, a division line being in dispute, an agreement fixing such line is not a transfer of the land, and need not be in writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 112; Dec. Dig. § 70.*]

4. **BOUNDARIES** (§ 46*)—SUBMISSION TO ARBITRATION—VALIDITY.

The boundary line between two adjoining landowners being in dispute, they orally agreed that two surveyors should run the line from an established monument, according to the directions of a judgment had in an action between them. *Held*, that this agreement was at common law an arbitration, an agreement for arbitration being good, though not in writing; it being sufficient that the question to be arbitrated is in dispute, that arbitrators be selected and act, and that their award be published.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 212–226, 249–251; Dec. Dig. § 46.*]

5. **ARBITRATION AND AWARD** (§ 12*) — SUBMISSION—VALIDITY.

A common-law arbitration is valid.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 32–51; Dec. Dig. § 12.*]

6. **ARBITRATION AND AWARD** (§ 18*)—SUBMISSION—INTENDMENTS.

Arbitrations are favored, and every reasonable intendment will be indulged in to support them.

[Ed. Note.—For other cases, see Arbitration and Award, Dec. Dig. § 18.*]

7. **BOUNDARIES** (§ 46*) — AWARDS — CONCLUSIVENESS.

Where two adjoining landowners agreed that two surveyors, one selected by each, should run a boundary line between their lands, and the line was run in the presence of both landowners, neither of whom objected, the running of such line was an award, conclusive upon both.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 212–226, 249–251; Dec. Dig. § 46.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by Asa Hill against Jake Walker and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Mitchell Davis, for appellant. J. M. Moore, for appellees.

### Findings of Fact.

JENKINS, J. This is a suit to establish the boundary between 30 acres of land out of the Seth Morris survey, owned by appellees, and 95⅘ acres of land out of said survey, owned by appellant. The deeds to these respective tracts of land are not in evidence, but, as we gather from the evidence in the case, both tracts were originally owned by the same party, who sold appellees 30 acres of land, beginning at the southwest corner of appellees' said 30 acres; thence north, 300 varas, to a stake; thence E., 20 vrs., to a stake; thence N., 52 vrs., to a stake; thence E., 463 vrs., to a stake; thence S., 352 vrs., to a stake; thence W., 483 vrs., to the beginning; and to appellant the remainder of said tract, which bounds said 30-acre tract on the east and on the north. In September, 1906, appellant brought suit against appellees in form of trespass to try title for a strip of land 26 varas wide on the eastern boundary, and for a narrow strip on the northern boundary of said 30-acre tract. This case, which was numbered 5,809 in the district court of Johnson county, was tried January 18, 1907. The case was submitted to a jury, which returned a general verdict in favor of the defendants in that suit, the appellees herein. The judgment recites: "It appearing to the court that said verdict of the jury ought in all things be confirmed, and it further appearing to the court that said verdict of the jury is a general verdict upon the whole case submitted to them, and when considered in connection with the charge of the court involved the affirmative finding that the southwest corner of the defendant's tract of land and the southeast corner of the C. W. Davis tract of land in the Colony line is north of the public road, and at the point where the south line of fence of said C. W. Davis orchard tract of land connects with the south line fence, and that from said point defendant's land runs thence N., 300 vrs.; thence E., 20 vrs.; thence N., 52 vrs.; thence E., 463 vrs., to a stake; thence S., 352 vrs., to the Colony line; thence W., on the Colony line, to the place of beginning.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

It is therefore ordered, adjudged, and decreed by the court that plaintiff take nothing by his suit," etc.

The effect of this judgment was to establish appellees' southwest corner at the point where their south fence connects with the south line of the fence of C. W. Davis' orchard tract. This point is stated in the judgment to be north of the public road, but is not otherwise defined, except as being at the point where said fences join, and no description is given as to any other corner or line of appellees' tract, except that the same is to be run out, courses and distances, from said southwest corner. An appeal was taken from this judgment, and the same was affirmed by the Court of Civil Appeals of the Fifth district.[1]

Subsequently the appellant brought suit against appellees, alleging, in substance, that there was no point of intersection of said fences, as mentioned in said judgment, and was not at the time said judgment was rendered; wherefore, appellant prayed the court that the southwest corner of appellees' 30-acre tract, as adjudged in said cause No. 5,809, be ascertained by the court, and the same be defined by monuments upon the ground. This case was numbered 6,167. On February 22, 1909, the court, trying cause No. 6,167 without a jury, entered judgment which, in part, reads as follows: "The court finds from the evidence that the matters and things involved in this cause were involved in and were tried, determined, and adjudicated in favor of defendant in cause No. 5,-809, on the docket of this court. * * * The court also finds that the beginning or initial corner of defendant's land, as found by the verdict and judgment in cause No. 5,809, is at the place or point where the southeast corner of the C. W. Davis orchard tract of land and the southwest corner of the defendant Jake Walker's tract meets and joins; the said point being about seven feet north from the edge of the public road, which runs south of said Jake Walker's land; and said beginning or initial corner being marked by a stake placed there by Fred Vickers, surveyor. The defendants are entitled, and it is so ordered and adjudged, to have their land begin at said point and run off in accordance with the field notes found by the judgment of the court in cause No. 5,809." It will be observed that in the former judgment the southwest corner of appellees' land was fixed at the point of intersection of the fences of the Davis and appellees' tract. In this judgment, said point is said to be at the point of intersection of their tracts of land, "marked by a stake placed there by Fred Vickers, surveyor."

Appellant brought this suit to the May term, 1910, of the district court of Johnson county, in the form of trespass to try title,

alleging, in substance, that appellees had unlawfully ejected him from a part of the Seth Morris survey, situated in Johnson county, Tex., beginning at Walker's southeast corner and Asa Hill's southwest corner, which corners are just south of the west part of Walker's gate; thence north, passing on west side of a well, known as Walker's well, to Walker's northeast corner and Asa Hill's northwest corner, 352 varas; thence east, south, and west to the beginning. This involves a narrow strip on the east side of what appellees claim to be said 30-acre tract. Appellees pleaded res adjudicata, by reason of the former suits, statutes of three, five, and ten years limitation, and not guilty. This suit, like the others, involved the true location of the eastern boundary line of said 30-acre tract. Appellant, by supplemental petition, also pleaded res adjudicata by reason of said former judgment, alleging, in substance, in support of this plea, that it had been previously adjudged that appellees' east line began at a point 483 varas east of their southwest corner, as fixed by said judgments, and thence east the distance called for in said judgments. Appellant further alleged that after the rendition of the judgment in cause No. 6,167, appellees and appellant agreed that said 30-acre tract should be run out in accordance with said judgments, and for this purpose they agreed that L. E. Barrow, a surveyor selected by appellant, and D. G. Dalton, a surveyor selected by appellees, should go upon the ground with the field notes contained in said decree, and should begin at the stake placed by said Fred Vickers, and run off and establish the boundaries of said 30-acre tract in accordance with said judgments; and the evidence shows that said agreement was entered into, and that said surveyors, in accordance therewith, did go upon the ground, having in their possession said judgments, with instructions from both parties to run off said land in accordance with said judgments, and that they began at said stake so placed by said Vickers, which was then standing and known to both parties, and that they ran east 483 varas, as directed by said judgments, and placed the eastern boundary line as alleged by appellant herein. It was agreed by said parties, before said line was run, that the eastern boundary line, as run by said surveyors, should be taken and accepted as the true boundary line of said 30 acres. Both appellees and appellant were present when said line was run by said surveyors, and saw where the same was run, and both parties acquiesced in said line as run by said surveyors. Appellant pleads said action as an agreed boundary line, and by way of estoppel against appellees.

This case was tried by the court without a jury, and a general judgment in favor of defendants was rendered. The court filed conclusions of fact, substantially as follows:

---

[1] No written opinion filed.

I find that plaintiff and defendants are owners, respectively, of a portion of the Seth Morris survey, situated in Johnson county, Tex.; that the land of the plaintiff lies north and east of and adjoins the defendant's land, both on the north and east; that the defendants' land consists of about 30 acres, all of which is inclosed by a fence, and all of said land lying within said fence has been claimed by defendants for more than 15 years. This fence, it is claimed by defendants, separates their land on the north and east from the land of plaintiff. I find that in the year 1906 the plaintiff set up claim to a part of defendants' tract of land, such claim being to a small strip of land on the north and east of defendants' tract, and that plaintiff filed suit in this court, on the 20th day of September, 1906, to recover of the defendants said two strips of land. The court further finds the facts as to the second judgment as above set out, and further finds that the defendants and those under whom they claim have been in actual and peaceable possession of the 30 acres of land claimed by them, and which includes and embraces the land sued for by plaintiff in this case, for more than 20 years next preceding the filing of plaintiff's suit herein, and that during said time they have had said land inclosed by a fence, and have been using, cultivating, and enjoying the same under claim of ownership, adverse to plaintiff and all others, and that such claim has been open, notorious, and adverse to all persons. The court further finds that the evidence is insufficient to show that any of the land inclosed by defendants, including the land sued for by plaintiff, is now or ever was the property of plaintiff, for the reason that to begin at the southwest corner of defendants' land, as fixed by the judgment in cause No. 5,809, as aforesaid, and to run off defendants' land as per judgment in said cause, would include all the land fenced and claimed by defendants, including the land sued for by plaintiff.

The appellant moved the court to make an additional finding of fact, to wit: "To find the distance from the west post of defendant Jake Walker's gate east to the fence; and also the distance east from the west side of the well, called Walker's well, to the fence." Upon this motion, the court made the following finding: "In answer to plaintiff's motion for additional findings, I find that the well and the gate mentioned in plaintiff's motion are both on the defendant Walker's land, as the field notes are set out in the former judgment of this court, as located on the ground by Surveyor Dalton and Walker." Appellant excepted to this finding of the court as not being in response to his motion.

The case is now before us on assignments of error, raising the points hereinafter adjudicated.

## Opinion.

[1] 1. Appellees insist that the judgment of the court should be sustained, for the reason that appellant did not show title to any land. The judgment in the first suit (No. 5,809) shows that the case was tried as one of boundary. The court in that case charged the jury that the plaintiff (appellant herein) had shown title, unless the land sued for was also included within the boundaries of appellees' deed. The question of title was adjudicated in that case, and could not be made an issue in this case.

[2] 2. Appellees further contend that the judgment of the trial court should be upheld, for the reason that said court found, and the evidence shows, that appellees had been in possession of the land in controversy in this suit for more than 10 years next before the filing of this suit. Both parties to this suit pleaded res adjudicata. We think the question of limitation is res adjudicata by reason of the judgment in cause No. 5,809. In that case the court adjudged appellees to be entitled to the land, beginning at their southwest corner, as fixed by the judgment, and running thence east 483 varas, and thence north 352 varas for their east boundary line. The effect of this judgment is that appellees were not entitled to any land, not included in said field notes, by reason of their plea of limitation, or for any other reason. They have not had 10 years limitation since the rendition of said judgment. If the land sued for is within the boundaries of said 30-acre tract, as decreed by the court in cause No. 5,809, and as further defined in cause No. 6,167, appellees are entitled to the same, without reference to their plea of limitation. If said land is not included in said boundaries, the title to the same was adjudicated against them by said judgments. There are no facts which raise the issue of the three or the five year statute of limitation. If the land is included within the deed to Walker, the appellees are entitled to the same, without reference to any statute of limitation, as theirs is the elder deed. If it is not so included, then certainly they cannot claim under either the three or five year statute. For the reasons herein set forth, the finding of the court that appellees have been in possession of the land under fence for 20 years was irrelevant and immaterial.

[3] 3. Appellees claim that the agreement between them and appellant as to having their said survey run out by the surveyors Barrow and Dalton, and the running of the same in accordance with said agreement, does not and could not have the effect of depriving them of title to their land. Inasmuch as the transfer to land must be in writing, under the statute of frauds, it is true that an agreed line between parties, where there was no dispute as to such line, where one party is to give land that admittedly belongs to another, such agreement by parol would be

void; but, where a division line between the owners of adjacent tracts of land is in dispute, an agreement fixing said line is not a transfer of land, and need not be in writing. Lecomte v. Toudouze, 82 Tex. 213, 17 S. W. 1050, 27 Am. St. Rep. 870. The evidence shows that the eastern boundary line of appellees was in dispute at the time said agreement was made, and at the time said line was run by Barrow and Dalton. It is true that the judgments above referred to had fixed the southeast corner of said line 483 varas east of the stake set by the surveyor Vickers for the southwest corner of said 30-acre tract, but it does not appear that said line had been run, course and distance, from said point. At least, if it had, it is evident that such measurement had not been acquiesced in by the parties to this suit, and that they were at disagreement as to where said eastern line would be, if run out in accordance with said judgments. It is well known that surveyors are likely to make mistakes in running course and distance from a given point, and, as it was uncertain where any particular surveyor would locate said eastern line by running from said southwest corner, it was competent, in order to settle the dispute as to said line, for the parties to agree on two surveyors, as they did, to run said line.

[4-6] At the time this survey was made, the stake put down by Vickers, which was part of a fence post, several inches in diameter and "knee-high," was standing at the southwest corner of said 30-acre tract. Shortly after said survey was made, said stake disappeared, and, so far as the evidence shows, there is nothing now to identify the place where it stood. Said surveyors ran from said stake east 483 varas, and arrived at the western gate post of appellees' gate This gate post was west of appellees' eastern fence at least the width of said gate. Its location is not otherwise shown by the evidence. The evidence shows that the surveyors ran from this gate post north, running to the west of said fence and to the west of a well in said 30-acre inclosure known as the Jake Walker well, and on to a point for the northeast corner, a few inches north of the fence, at which place an iron pipe was driven down and a post oak tree, within a few inches thereof, was marked. We hold that the action of the parties in reference to running said line was a common-law arbitration, and was binding upon the parties thereto. The agreement for such an arbitration need not be in writing. All that is necessary is that the question to be arbitrated be a matter in dispute between the parties, that the arbitrators be selected, terms for the arbitration be agreed upon, that the arbitrators act in accordance with said agreement, and that their award be published; that is, be made known to the parties. Cyc. vol. 3, p. 581 et seq. A common-law arbitration is binding in this state. Faggard v. William-son, 23 S. W. 558; Myers v. Easterwood, 60 Tex. 107; Rector v. Hunter, 15 Tex. 380. Arbitrations are favored in law, and every reasonable intendment will be indulged in to support them.

[7] In this case, by reason of both parties being present, the act of running the line was a publication of the award of the arbitrators. The evidence further shows that after said eastern line had been run the surveyor Barrow said to the parties that if they were not satisfied with the line as run, or if they thought any mistake had been made, that they (the surveyors) would go back and run the line over again. No objection was made to said line at said time by either party. For this reason, as well as for reasons hereinbefore stated, the court erred in refusing to find, as requested by appellant, the distance from the west post of Walker's gate east to the fence, and also the distance east from the west side of the well, called Walker's well, to the fence.

This case illustrates the soundness of the doctrine that, in suits to establish boundary lines, if the judgment does not establish the boundary by natural or artificial monuments, or in some other way, so that it can be identified upon the ground, such judgment is a nullity. Had the southeast and northeast corners of said 30-acre tract been so identified in original cause No. 5,809, there could have been no ground for subsequent litigation over the boundary line involved in this suit.

For the reasons herein stated, the judgment in this case is reversed and here rendered for appellant, establishing the boundary line between his land on the east and the land of appellees on the west, as follows: Beginning at Jake Walker's west gate post, west of said Walker's fence, for appellant's southwest and appellees' southeast corner, and running thence north, west of said fence and west of Jake Walker's well, to the point where said iron pipe was driven in the ground by said surveyors near the post oak tree, marked as hereinbefore stated.

Reversed and rendered.

### On Motion for Rehearing.

As explained in the opinion hereinbefore rendered in this case, in cause No. 5,809, the southwest corner of appellees' land was fixed by judgment of the court at the intersection of his fence with that of C. W. Davis, and his land was to be run from that point according to field notes in his deed. Appellees in their motion for rehearing insist that we were in error in saying that the question of limitation was res adjudicata in this first suit, for the reason that appellees did not then have 10 years possession, but did have more than 10 years possession when this suit was tried. What we held was that in cause No. 5,809 appellees recovered the land described in said judgment, and no other, and that, in order for them to hold by limitation in this suit, they must have had 10 years possession

since said judgment was rendered. Not having such possession, said plea cannot avail them in this suit.

Appellees insist that the arbitration cannot avail appellant, for the reason that the agreement was to run out both the northern and eastern boundary, and they say that appellant has refused to abide by the northern boundary, which amounts to a repudiation of such arbitration. There is nothing in the record to show that appellant has repudiated the line run upon the north. He stated in his evidence that as thus run the appellees got a portion of his land, but it does not appear from the pleadings or the evidence that he had refused to abide by such line.

The motion for rehearing is overruled.