OSCAR CALLAWAY V. C. M. ALBIN.

No. 4003.   Decided May 7, 1924.

(261 S. W., 372.)

1.—Arbitration—Agreement.

An agreement to submit to arbitration two matters at issue as to the respective liabilities of the parties contained also an agreement as to certain things to be done by one of them. The arbitration agreement was not affected by a parol modification of the clause of the contract as to doing the other things specified, and the findings of the arbitrators, being pursuant to the clauses in reference to what was submitted to them, were binding on the parties.   (Pp. 8-10).

2.—Same—Award.

See award of arbitrators held sufficiently definite and certain to support a judgment based thereon.   (Pp. 8, 10, 11).

3.—Written Contract—Parol Evidence.

Parol evidence is admissible to show a change in the terms of a written instrument made as a consideration inducing the party to enter into the agreement (one for arbitration).   (P. 10).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Comanche County.

The Supreme Court referred the questions certified to the Commission of Appeals, Section A for their opinion thereon, and here adopts same as its answer to such questions.

*Callaway & Callaway*, for appellant.

The award in this case is so flagrantly in violation of the terms of the arbitration agreement and is so incomplete and inconclusive that

it is obviously void and of no force whatever. We call the Court's attention to the following cases: Wiley v. Heard 1 App. Civ. Cas., sec. 1205; Philadelphia Underwriters agency v. Brown, 151 S. W., 899; Fortune v. Killebrew, 23 S. W., 976; Hooker v. Williamson, 60 Texas, 524; Owens v. Withee, 3 Texas, 161; Stephenson v. Price, 30 Texas, 715. It was clearly error to overrule the special exception and to permit the pleadings setting out the verbal addition to the arbitration agreement to be read to the jury and to permit testimony in support thereof to be offered. We call the court's attention to art. 3687, Rev. Stats., and the cases of Stidham v. Laurie, 133 S. W., 1082; Railway Co. v. Eichel, 130 S. W., 922; Land Co. v. Parmer, 123 S. W., 196; Pasteur Vaccine Co. v. Burkey, 54 S. W., 804; 22 Corpus Juris, page 1087, sec. 1442.

*Chandler & Pannill* and *Robert R. & R. F. Holloway*, for appellee.

Parol evidence is admissable to vary, alter, or modify a written instrument where such evidence establishes a contemporaneous oral promise or agreement on the faith of which a party is induced to execute the instrument; and this rule is especially applicable where the omission of the oral agreement from the writing is induced by representations of the other party that the oral agreement is sufficient. Rector v. Hunter, 15 Texas, 380; Hill v. Walker, 140 S. W., 1159; Faggard v. Williamson, 23 S. W., 557; Eubank v. Bostick, 194 S. W., 214; Watson v. Rice, 166 S. W., 106; Street v. J. I. Case Threshing Machine Co., 188 S. W. 725; Ferguson v. Rafferty, 6 L. R. A., 33, 128 Pa., 337, 18 Atl., 484; Gandy v. Weckerly, 18 L. R. A. (N. S.), 434, 220 Pa. 285; Corpus Juris, Vol. 22, pages 1212-3; Corpus Juris, Vol. 22 pages 1253-4; Corpus Juris, Vol. 5, page 52; Ramey v. Allison, 64 Texas, 697; Schaeffer v. Blanc, 87 S. W., 745; Holt v. Gordon, 176 S. W. 902.

An award is sufficiently definite if it shows that the arbitrators considered and decided the matters of controversy submitted to them. Green v. Franklin, 1 Texas, 497; Sanders v. Newton, 124 S. W., 482; Smith v. Clark, 54 S. W., 1052; Robbs v. Woolfolk, 224 S. W., 232; Gill v. Bickel, 30 S. W., 919; Dockery v. Randolph, 30 S. W., 270; Corpus Juris, Vol. 5, page 124, 150.

MR. JUDGE CHAPMAN delivered the opinion of the Commission of Appeals, Section A.

On or about October 8th, 1919, C. M. Albin sold to Oscar Callaway a flock of sheep and accepted in part payment therefor thirty cows at $75.00 per head. The sheep were delivered to Callaway and a delivery of cows was made by Callaway to Albin in which delivery Albin claimed there were twenty-nine head and Callaway claimed

there were thirty head, and later Albin returned to Callaway's place and got another cow. About October 20, 1920, there was a controversy between Albin and Callaway as to whether Callaway should pay to Albin $750.00 for one hundred lambs which had died soon after they were sold by Albin to Callaway and also whether Albin had received thirty or thirty-one cows from Callaway, and they agreed to settle their differences by arbitration, and about said date the following agreement for arbitration was drawn up.

"We, the undersigned, agree to submit for arbitration of whether or not Oscar Callaway shall pay to C. M. Albin seven hundred and fifty ($750) dollars for 100 lambs sold to Callaway by Albin at seven and 50.100 ($7.50) dollars a head, which immediately thereafter died from the effects of sore mouth and worms in their mouths, which they had at the time they were delivered to the said Callaway.

And further whether or not the said Callaway shall pay the said Albin seventy-five ($75.00) for a white faced cow which the said Callaway claims was delivered to the said Albin and which the said Albin claims he did not get along with a bunch of cows sold and delivered to the said Albin by the said Callaway.

Said Albin hereby agrees to return to Callaway farm a cow and calf that he drove off from the farm in January past and to have suit filed by Callaway in the justice court dismissed at the cost of defendant, Albin.

The parties hereto agree to comply without further question with the decision of the majority of the arbitrators, Geo. L. Sullivan, J. W. McCollum and a third party they may select.

(Sgd) C. M. Albin,<br>Oscar Callaway.''

There is some question as to when the agreement was signed by the parties. The Court of Civil Appeals in their certificate state that the testimony of Albin shows that the agreement was signed on the date that the arbitrators met. The arbitrators mentioned in the agreement met December 16, 1920, and plaintiff Albin plead that before the arbitrators began their deliberations he stated that he could not go to trial on the article wherein he was to return the cow and calf to the Callaway farm for the reason that he sold the cow, but in the event the said cow and calf were awarded to the said Callaway by the arbitrators he would pay to the said Callaway $75.00 for same and that said Callaway agreed to said condition. He further plead that it was further agreed at this time that the cost of suit in justice court should be paid by the party against whom judgment was rendered for the said cow in question. He further plead that he asked that the written arbitration agreement be so changed as to cover and express the changes agreed upon, but that defendant said it was not necessary, but that defendant did agree, verbally and orally, to said

changes.   The arbitrators, after   deliberation, made   the following award:

"Comanche, Dec. 16, 1920.

C. M. Albin,
Oscar Callaway,
Sirs:

In reference to the matter submitted to us in regard to the sheep and cattle deal, a majority of the arbitrators decided   that a proper settlement would be that Albin should keep the cow that he got; that the suit in the justice court be dismissed and that Callaway should pay Albin the sum of ($750) seven hundred and fifty dollars.

J. W. McCollum,
J. F. Grissom,
Geo. L. Sullivan."

Defendant Callaway   refused   to be bound by   the   award   and plaintiff Albin brought suit to enforce the award and recover the $750.00 awarded him by the arbitrators.   There was another count in plaintiff's petition which it is not necessary to here mention.

Defendant Callaway by special exception alleged that the award made by the arbitrators did not conform to the written agreement of the parties; did not determine all the issues submitted, and was uncertain and indefinite and therefore could not furnish a proper basis for a recovery.   Another contention presented   was that the parol modification of the written agreement could not be given effect because proof of the same would be in violation of the terms of the written agreement.    Defendant Callaway appealed from the District Court of Comanche County to the Court of Civil Appeals of the Second District and   that court has   certified to us   the following questions:

"1. Did the trial court err in the admission of proof of the parol modification of the arbitration agreement?

2. Was the award made by the arbitrators, read in the light of the pleadings and evidence and findings of the jury, too indefinite and uncertain to support the judgment rendered in plaintiff's favor?"

In our opinion the substance of the written agreement of arbitration was not changed by the oral agreement made on the day of the arbitration.   It will be seen that in the written agreement there were only two things for the arbitrators to pass upon, one was, whether Callaway should pay Albin $750.00 for one hundred lambs which had died, and the other was, whether Callaway should pay Albin $75.00 for a cow, and the real issue to be determined in the second question under the pleadings and facts was whether Albin had gotten thirty or thirty-one head of cattle from Callaway.   The third paragraph of the written agreement was not made to be passed upon by the arbitrators, but was an agreement between Callaway and Albin and

one which they could change by oral agreement and which Albin claims by his pleadings was eliminated for the reason that he could not comply with the terms thereof having already sold the cow mentioned in the third paragraph of the writing, and with the third paragraph of the writing eliminated there still remained for the arbitrators to determine whether Callaway should pay $750.00 for the lambs and whether Albin should pay $75.00 for the cow. The substance of the last named issue being whether Albin had gotten from Callaway thirty or thirty-one head of cattle. Thus it will be seen that no change was made in the substance of the matters to be passed on by the arbitrators and that the only change made was the one relieving Albin from binding himself to undertake to do an impossible thing, that is, to deliver to Callaway a cow that he had already sold, and to provide that in the event the arbitrators should find that Albin had gotten thirty-one cows that he should pay for the one additional cow instead of binding himself to return her after he had sold the cow, and of which Callaway could not complain for the reason that the jury found that the value of this additional cow was $75.00 which was the amount that Albin paid for the cows.

The Court of Civil Appeals in their certificate say that the proof showed that before the arbitrators heard the controversy Albin had sold the cow and calf and therefore was unable to return them to Callaway's pasture, therefore, the oral agreement plead by plaintiff, that he claims was made before the arbitrators began their deliberations was a natural one to make, under the circumstances, and in view of the fact that it did not change the substance of the matters to be passed on by the arbitrators, and in view of the fact that the findings of the arbitrators did in reality, settle all matters of controversy between the plaintiff and defendent and did settle the matters in controversy mentioned in the terms of the written agreement, we do not think that this change, which only affected the manner of reaching the settlement between the parties, was such a change as to be in violation of the general rule that written agreements cannot be changed by parol.

The Court of Civil Appeals in their certificate state that the record shows that by reason of Callaway's agreement to waive the return of the cow and calf to his farm, plaintiff was induced to proceed with the hearing before the arbitrators. This being a common law arbitration the agreement signed by the parties was subject to the laws governing contracts in general.

The substance of plaintiff's pleadings as to the oral agreement made on the day of the arbitration are that he was induced to enter into the arbitration upon the agreement of defendent Callaway that plaintiff would be relieved from undertaking to deliver to him the cow that he had sold and also that the matter of the cost in justice

court would be governed by the award made by the arbitrators as to the one cow in question and as stated above the Court of Civil Appeals says that the record so shows.

The Court of Civil Appeals, in their certificate, also say, that:

"Upon the trial of the case it was shown by the testimony of plaintiff Albin that the alleged parol modification of the written arbitration agreement was made contemporaneously with the execution of that agreement and before the issues were heard and determined by the arbitrators."

It seems to be well settled that oral evidence is admissable to show the terms and conditions upon which a written instrument is executed and the general rule is stated, 22 Corpus Juris, pp. 1253 and 1254, in the following language:

"The rule permitting parol evidence of a collateral agreement is especially applicable where such agreement constituted part of the consideration of the written agreement, or operated as an inducement for entering into it . . . It has also been held that where at the time of executing a writing, a stipulation has been entered into, a condition annexed or a promise made by word of mouth, on the faith of which the writing has been executed, parol evidence is admissable even though it may vary or materially change the terms of the contract, and in such case it is not necessary to allege that the agreement was left out of the contract through fraud, accident or mistake."

And this principle as applied to contracts in general seems to be borne out by the following authorities: "Rector v. Hunter, 15 Texas, 380; Faggard v. Williamson, 4 Texas, Civ. App., 337, 23 S. W., 557; Eubank v. Bostick, 194 S. W., 214; Hill v. Walker, 140 S. W., 1159; Watson v. Rice, 166 S. W., 106; Street v. J. I. Case Threshing Machine Co., 188 S. W., 725; Ferguson v. Rafferty, 6 L. R. A., 33, 128 Pa., 337, 18 Atl., 484; Gandy v. Weckerly, 18 L. R. A. (N. S.) 434, 220 Pa., 285; Ramey v. Allison, 64 Texas, 697; Schaeffer v. Blanc, 87 S. W., 745; Holt v. Gordon, 176 S. W. 902."

We are of the opinion that the parol agreement complained of made no material change in the substance of the matters to be determined by the arbitrators and that whatever changes were made, were, as plead by the plaintiff and found by the Court of Civil Appeals, made by defendant Callaway with plaintiff Albin, to induce Albin to enter into the arbitration and abide by the findings of the arbitrators.

As to the second question there were only two matters before the arbitrators after the parol agreement and those were as to whether Callaway should pay Albin $750.00 for the lambs and whether Albin should pay $75.00 for the cow. The findings were that Callaway should pay Albin $750.00 and this could have been for nothing except for the lambs as this is the only matter that the arbitrators had

under consideration in which Callaway should pay anything to Albin, and the other matter was that Albin should keep the cow that he got, which was finding in substance that Albin had received only thirty cows from Callaway, including the one cow gotten by Albin, and therefore owed him nothing for the additional cow that Callaway claimed he had gotten. And the matter of cost in the justice court under the agreement as plead by plaintiff Albin was determined by the arbitrators when they determined the controversy as to the additional cow.

We therefore answer question No. 1 that the trial court did not err in the admission of proof of the parol agreement, and we answer question No. 2 that the award made by the arbitrators, read in the light of the pleadings and evidence, and findings of the jury, was not too indefinite and uncertain to support the judgment rendered in plaintiff's favor.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.