**POPE v. HENNESSEY.**

No. 8618.

Court of Civil Appeals of Texas. San Antonio.
May 6, 1931.

H. S. Bonham and H. A. Carr, both of Corpus Christi, for appellant.

F. J. Onzon, of Corpus Christi, for appellee.

FLY, C. J.

■ Appellee sought a recovery on a promissory note for $300 executed by appellant to appellee. A jury was demanded, and the cause submitted to them on three issues, as follows:

"Special Issue No. 1:

"Do you find from a preponderance of the evidence that the note sued on was executed under protest by defendant as to its being for the correct amount of his indebtedness to plaintiff? Answer yes or no.

"Special Issue No. 2:

"Do you find from a preponderance of the evidence that W. E. Pope should pay rent to M. F. Hennessey for said premises for the months of November and December, 1927? Answer yes or no.

"Special Issue No. 3:

"What offset, if any, do you find from a preponderance of evidence, should be credited against rents due by W. E. Pope to M. F. Hennessey? Answer in dollars and cents, or nothing, according to your finding."

The jury retired and after considering their answers for twenty-four hours stated to the court that they could not agree, and then upon motion of appellee the court instructed the jury to return a verdict in favor of appellee for the amount of the note, interest, and attorney's fees.

Appellant swore that the account for which the note was given was nearly barred by limitation, and that he signed the note upon an agreement that he should have credit on the note for amounts which he claimed to have paid, and for which he claimed to have receipts. He claimed that, at the time he signed the note for $300, he had a statement from appellee showing that the latter claimed only $250, and that, after an allowance of $50 was made for improvements made by appellant, and a payment of $50, the whole amount owed by him was $150. Some of the statements of appellant were contradicted, but, whether contradicted or not, his testimony raised an issue, which the judge submitted to the jury, but afterwards withdrew from them and rendered judgment for appellee.

It is contended that the evidence of appellant as to the adjustment of the matters of dispute between him and appellee should not have been admitted to the jury, and that it created no defense to the note, and therefore the court was justified in withdrawing the case from the jury under the special issues, and instructing them to return a verdict. It is contended that the verbal understanding testified to by appellant tended to vary the terms of the written instrument, and that it could not be considered. The evidence went in without objection and was submitted to the jury without objection, and, when the jury failed to agree, was taken from them by the court. The action of the court, even though the testimony had been illegal, was unprecedented and without sanction of law.

■ However, the testimony was properly admitted, and, if the jury could not agree on a verdict, they should have been discharged and the cause set down for another trial. The testimony did not vary the terms of the note, but merely showed the inducements leading to the execution and explained the circumstances under which it was executed. This proposition is well established by decisions in this and other states. This court, in the case of Allen v. Hardware Co., 55 Tex. Civ. App. 249, 118 S. W. 1157, 1159, in which the facts are strikingly similar to those in this case, held:

"It is the rule that, when parties reduce their contracts to writing, such writing is to be taken as embodying all previous negotiations and understandings about its terms, and they cannot be varied by parol; but the rule does not apply where it can be made to appear that the instrument was not intended to be a complete and final settlement of the whole transaction. It was held in a Pennsylvania case, and approved by the Court of Appeals of Texas in James v. King, 2 Willson, Civ. Cas. Ct. App. § 544, as follows:

"'A verbal promise by one of the parties at the making of a written contract, if it was used to obtain the execution of the writing, may be given in evidence.' Powelton Coal Co. v. McShain, 75 Pa. 238. In this case it was alleged that plaintiff in error was induced to execute the note by the promise that there should be an adjustment of the accounts between the parties, and credit allowed for what was due to plaintiff in error, and proof of those facts did not tend to vary the written contract, but rather to explain it, and place the parties on the plane upon which they contracted with each other. If it could be held that by the strict letter of the law plaintiff in error should not be allowed to offer proof entitling him to credits on the note, because the note was evidence of a full settlement, a court of equity would come to the relief of the maker of the note, and permit him to show that the note was not intended as a full settlement between the parties, but that it had been agreed that there should be a further settlement, in which the maker of the note should have the benefit of credits claimed by him. To hold otherwise would be to allow defendant in error to profit by an ironclad rule, and obtain from plaintiff in error something which is not justly due him. The note is still in the hands of the original payee; and, if it was executed

under the circumstances alleged in the answer, proof of the indebtedness of the payee to the maker of the note should be allowed as a credit on the note. The note was not a final settlement between the parties, if they did not intend that it should be. The entire contract was not placed in writing, and under such circumstances the whole contract can be proved by parol testimony. Greenl. Ev. 284a."

That decision, as well as others, is decisive of the admissibility of the evidence, and, when admitted, created a legitimate issue to be decided by the jury.

The judgment is reversed, and the cause remanded.