## SOUTHWESTERN PUBLIC SERVICE CO. v. SMITH et al.

### No. 3743.

Court of Civil Appeals of Texas. Amarillo.

Feb. 24, 1932.

Rehearing Denied April 13, 1932.

Morgan, Culton, Morgan & Britain and Gibson & Sutton, all of Amarillo, for appellant.

Works & Bassett, of Amarillo, for appellees.

JACKSON, J.

This is a suit by the appellant, the Southwestern Public Service Company, a corporation, against the appellee H. E. Smith, for its debt and a foreclosure of its lien on certain frigidaire equipment, against him and the corporate appellees, the Chicago Trust Company, National Bank of Commerce, Illinois Standard Mortgage Company, and the Metropolitan Insurance Company of New York.

Appellant's cause of action is stated in an opinion by this court on a former appeal, which is reported in 31 S.W.(2d) 472.

In addition to the statement of appellees' pleadings on the former trial discussed in the opinion of this court cited supra, in their amended answer on which the last trial was had, the appellees alleged that the defendant H. E. Smith gave, and the appellant accepted, the chattel mortgage dated October 12, 1927, subject and inferior to the lien under which they claim. Appellees also pleaded waiver and estoppel to defeat the alleged superiority of appellant's lien to the lien held by the bondholders.

In response to special issues submitted by the court, the jury found, in substance, that the corporate appellees, at the time the money was advanced for the construction of the Talmage apartments under the indenture or mortgage and deed of trust executed by H. E. Smith and his wife, were advised that a frigidaire system would be installed in the apartments; that the removal of the frigidaire system would reduce the value of the property upon which a lien was given to secure the payment of the bonds and materially impair the security of the bondholders; that at the time H. E. Smith executed the written order dated October 13, 1926, for the purchase of the frigidaire system, the salesmen of the appellant were informed by him that the payment of a part of the money necessary for the construction of the Talmage apartments would be secured, in part, by a first lien on the frigidaire system; that the frigidaire system constitutes a substantial part of the security given for the payment of the bonds involved herein; that, at the time H. E. Smith signed the purchase-money order for the frigidaire system, he intended that such system should become a part of the first lien security for the bonds, and that the salesmen of appellant knew of such intention; that on October 12, 1927, the date on which H. E. Smith executed the notes payable to the appellant and the mortgage to secure the payment thereof, the appellant intended that the lien evidenced by said mortgage should be second and inferior to the lien on the frigidaire system given to secure the payment of the bonds.

On this verdict, the court rendered judgment that the appellant recover of and from the defendant H. E. Smith its debt in the sum of $16,680.43, and a foreclosure of its chattel mortgage lien, but decreed that such lien was "subject to the first and superior indenture deed of trust and mortgage lien securing the payment of the balance" of the unpaid bonds involved in this controversy, and that appellant have its order of sale, subject, however, to the lien, rights, and interest of the corporate defendants and the owners of the unpaid

bonds, from which judgment the appellant prosecutes this appeal.

The appellant assigns as error the action of the court in submitting as an issue, and the affirmative finding of the jury thereon, that appellant, on October 12, 1927, at the time the notes and chattel mortgage were executed, intended that said notes and mortgage lien should be second and inferior to the lien on the frigidaire equipment held by the corporate defendants to secure the payment of the bonds, because: (a) The testimony is insufficient to show that appellant so intended; (b) insufficient to show that any responsible officer of appellant agreed to waive any right which it acquired by such notes and mortgage; and (c) oral evidence of such intention or waiver, if there was such evidence, is an attempt to vary the terms of a written instrument, was inadmissible, and without probative force.

The record discloses that the indenture or deed of trust, relied on by the appellees as a first lien, was made as of date December 31, 1926, and acknowledged by H. E. Smith and his wife on February 1, 1927. This deed of trust provides that it is and will be kept a first lien. That the written order wherein Smith applied to purchase from the appellant the frigidaire equipment was dated October 13, 1926, and provided that Smith was to pay the sum of $14,475 to appellant therefor; $500 on the execution of the order, $850 when the conduits were installed, 10 per cent. on the arrival of the equipment, and the balance when the system was completely installed and accepted. That the chattel mortgage dated October 12, 1927, executed by H. E. Smith to the appellant, secured the payment of one note for $3,575, payable in ninety days, and one for $10,000, payable April 1, 1928, each of said notes bearing interest at the rate of 10 per cent. per annum from date, and an additional amount of 10 per cent. on both principal and interest as attorney's fees, if placed in the hands of an attorney for collection. That the written application to purchase was never recorded, but retained title to the chattels until the purchase price was paid. That the chattel mortgage of appellant, dated October 12, 1927, was filed in the chattel mortgage records on November 14, 1927, but not in compliance with article 5498, R. C. S.

The testimony offered by the appellees is to the effect that the salesman of appellant from whom H. E. Smith purchased the frigidaire equipment conferred with Smith about the execution of a chattel mortgage and notes several times before the instruments were signed; that Smith advised such salesman before and at the execution of the notes and mortgage that it could only be a second lien, as he had already given a lien on such equipment to the corporate appellees; that he showed such salesman the indenture, and

that the salesman examined the indenture or deed of trust and informed Smith that all they had now was an order, but that they would have to have some security, and he understood that appellant's lien would be a second lien; that he was satisfied it was a second mortgage, but he wanted to satisfy Mr. Ferree. The testimony shows that Mr. Ferree was the general manager of the appellant; that he placed appellant's notes secured by the chattel mortgage on the market for sale and at first advised his broker that they were secured by a first lien on the frigidaire equipment, but that later he, in effect, admitted that said notes were not secured by a first lien.

Without further detailing the testimony, it is our opinion that with the oral testimony, if it was correctly admitted, the evidence was sufficient to authorize the submission of the issue by the court, and the finding of the jury, to the effect that appellant intended that its lien on the frigidaire equipment, evidenced by the chattel mortgage, should be second and inferior to the lien against such equipment held by the corporate appellees and the bondholders.

The chattel mortgage given by Smith to appellant in October, 1927, is in the form of a bill of sale conveying to appellant, its successors and assigns, the frigidaire equipment, and reciting that it was purchased from appellant and is now located in the Talmage apartments; it forever warrants the right and title of said property to appellant, but provides that the conveyance is a mortgage to secure the indebtedness of Smith, evidenced by the notes therein described, recites that if the notes are paid at maturity the obligation is to be null and void, but that if not paid, the appellant is authorized and empowered to take charge of the property and sell the same at public vendue for cash in Amarillo, in Potter county, Tex., without notice, etc. Neither the notes described in the mortgage, nor the mortgage, states that it is a first lien, or that the property on which the security is given is free and clear of incumbrances.

In Jones on Mortgages (8th Ed.) Vol. 1, paragraph 742, the author says: "The parties may, as between themselves, make a valid agreement, though it be verbal only, that one of two mortgages shall be prior to the other, and the order of record is then immaterial unless they are subsequently assigned to other persons who have no notice of the agreement. * * * A mortgagee has an unquestionable right to waive his priority in favor of a subsequent mortgagee. If a prior mortgagee releases his mortgage, in order to enable the mortgagor to raise money upon the same property, with which to make improvements thereon, such mortgagee cannot afterwards be heard to object that the money was raised by the second mortgagee upon discount of other paper of the mortga-

gor or that the mortgagor failed to expend the money as he had agreed. If the holder of a first mortgage, knowing of the existence of a second mortgage, releases his mortgage and takes a new one in its place, the second mortgage becomes the prior lien, although the first mortgage was a release with an understanding with the mortgagor that he would arrange with the second mortgagee so as to give the new mortgage the same priority that the discharged mortgage originally held. * * * But an agreement as to priority may be proved by parol."

In Fry v. Barron (Tex. Civ. App.) 2 S.W. (2d) 888, J. B. Fry, appellant, the owner of a series of vendor's lien notes, had transferred to W. J. Barron, appellee, a part of said series by written assignment. Appellee contended that, contemporaneously with the execution and delivery of the written assignment of the notes, appellant had orally agreed that the notes assigned should have priority over the notes retained by appellant. The written assignment from appellant to appellee of a part of the vendor's lien notes contained no statement that the notes assigned should have priority over the notes retained by appellant. The Court of Civil Appeals of Eastland, in an opinion by Chief Justice Hickman, holds that: "The testimony of appellee would support a finding of fact by the trial judge that, contemporaneously with the execution of the written assignment, an oral agreement was made between appellant and appellee that the assigned notes should have priority of payment over the ones retained by appellant. This agreement in no wise varies or contradicts the language of the written assignment."

Parol evidence is admissible to show that a note was secured by collateral additional to that mentioned in the face of the note. National Bank of Jefferson v. A. Bruhn & W. J. Williams, 64 Tex. 571, 53 Am. Rep. 771.

Parol testimony is admissible, where a note that recited, "This note is secured by pledge of the securities mentioned on the reverse side hereof," etc., and no securities were mentioned, to show that the security referred to in the note was land covered by a deed of trust. Armstrong v. Wilson (Tex. Civ. App.) 109 S. W. 955.

"The rule permitting parol evidence of a collateral agreement is especially applicable where such agreement constituted part of the consideration of the written agreement, or operated as an inducement for entering into it. * * * It has also been held that where at the time of executing a writing, a stipulation has been entered into, a condition annexed or a promise made by word of mouth, on the faith of which the writing has been executed, parol evidence is admissible,

even though it may vary or materially change the terms of the contract, and in such case it is not necessary to allege that the agreement was left out of the contract through fraud, accident or mistake." 22 C. J. 1253, 1254.

This quotation is approved by the Commission of Appeals in Callaway v. Albin, 114 Tex. 5, 261 S. W. 372, citing numerous authorities. See, also, Pope v. Hennessey (Tex. Civ. App.) 38 S.W.(2d) 834; Hall, Commissioner of Insurance & Banking, et al. v. San Jacinto State Bank et al. (Tex. Civ. App.) 255 S. W. 506.

The appellant's salesman knew, at the time he accepted the notes and chattel mortgage, that the corporate appellees had a lien on the frigidaire equipment which recited that it was a first lien; that appellant's mortgage covered chattels only; that H. E. Smith was unwilling to give anything but a second lien. We are of the opinion that the oral testimony was admissible.

Ordinarily the parol evidence rule applies only to controversies between parties to the instrument and their privies, and does not affect strangers to the contract.

The corporate appellees were not parties to any contract under which the appellant claims, nor were they privies to such contract. Their claim is in no way founded on the transactions between H. E. Smith and appellant. They claim adversely to the assertion of appellant that its mortgage constituted a superior lien on the frigidaire system to the lien held by the corporate trustees for the benefit of the bondholders.

"The rule as to the exclusion of oral testimony to contradict or vary the terms of a written contract is applicable only as between the parties to such contract. A stranger to such written instrument is not bound by its terms, and therefore he cannot hold other parties bound by the same." Pennington v. Bevering et al. (Tex. Civ. App.) 9 S.W. (2d) 401, 403, and authorities cited.

Long Bell Lumber Co. v. Futch (Tex. Civ. App.) 20 S.W.(2d) 1076; Bagley v. Pollock (Tex. Civ. App.) 19 S.W.(2d) 193, and authorities cited; 17 Tex. Jur. 803, § 359; 3 Jones on Evidence (2d Ed.) 2708, § 1488.

Since the corporate appellees did not claim under the written instrument asserted by appellant, and were not privies thereto, they were strangers claiming adversely to appellant's contention, and this parol testimony was admissible.

The other material propositions presented by appellant are settled in Southwestern Public Service Co. v. Smith (Tex. Civ. App.) 31 S.W.(2d) 472, and Texas Power & Light Co. v. Malone (Tex. Civ. App.) 42 S.W.(2d) 845, and a further discussion thereof is unnecessary.

The judgment is affirmed.