## HUDDLESTON et al. v. WHEELER LUMBER, BRIDGE & SUPPLY CO., Inc.
### No. 4284.

Court of Civil Appeals of Texas. Amarillo.
Oct. 29, 1934.

W. P. Walker, of Crosbyton, for appellants.

Vickers, Campbell & Evans, of Lubbock, for appellee.

HALL, Chief Justice.

The appellants, C. M. and G. E. Huddleston, a partnership, had contracted with the commissioners' court of Gray county to construct a bridge across the north fork of Red river in said county. They purchased from the appellee company certain lumber which is described in plaintiff's petition. The written order requests the appellee company to ship the materials described therein "subject to State highway specifications to be tested by Pittsburgh laboratories." This order was made through the appellee's agent at Dallas, Tex., and contains the following request: "Please ask for immediate shipment on the above materials as we cannot start the job until we have same. Also ask that tracers be placed after each car to avoid delay on the road." Huddlestons failed to pay the account in full, and this suit was instituted to recover a balance of $845.46 alleged to be due.

By way of special answer, the appellants alleged that they dealt with one D. W. Layton, agent for the plaintiff; that they negotiated with him leading up to the order and that Layton had an office in Dallas, Tex.; that, prior to the time the order was given, C. M. Huddleston talked with Layton over long distance 'phone with reference to placing his order for the materials, and advised Layton that his firm had only forty-five working days in which to complete construction of the bridge, and that, if plaintiff accepted their offer, they would want the material delivered at a railway stop near the bridge site within thirty days from the acceptance of the order; that in said telephone conversation C. M. Huddleston told Layton that, for each day of delay over forty-five days taken by defend-

ants in the construction of the bridge, defendants would suffer a penalty, and that defendants would not order the material from plaintiff unless it could be furnished within thirty days after receipt of the order; that he also informed Layton in said conversation that the penalty which would be assessed them in case of delay in completing the bridge would be the same as that provided under the Standard Texas State Highway Bridge Construction Work; that Layton then advised C. M. Huddleston that he was well acquainted with the Texas Highway contracts and specifications and thoroughly understood the situation; that the plaintiff accepted the order on March 12, 1932, with full notice that time was of the essence of their contract with Gray County for completing the bridge. They further alleged that the material was shipped in different installments, the last shipment arriving in the month of June, by reason of which defendants were not able to complete the bridge until July 3d, and on account of plaintiff's delay in making shipments defendants were penalized in the sum of $15 per day for fifty-six days, totalling $840.

Upon the trial the appellants offered testimony to sustain these allegations, all of which was excluded by the court upon objections made by the appellee company.

After excluding the testimony, the Court directed the jury to return a verdict in plaintiff's favor. Judgment was entered in accordance with the verdict, hence this appeal.

We deem it unnecessary to discuss the various propositions urged in appellant's brief.

The record shows that the court excluded the proffered testimony upon the theory that its admission would be in violation of the parol evidence rule. In this there was error. The testimony, if admitted, would not have varied or contradicted any term of the contract evidenced by the written order. The order itself was not a complete contract. The promises made by appellee through its agent Layton were shown to be the inducement leading up to the execution of the order. The rule is well established in this state that testimony which merely shows matter of inducement leading to the execution of the contract or which explains the circumstances under which it was executed is admissible and in no sense violates the parol evidence rule. It is further held in numerous cases that the parol evidence rule does not apply to collateral undertakings. National Novelty Import Co. v. Duncan (Tex. Civ. App.) 182 S. W. 888; Pope v. Hennessey (Tex. Civ. App.) 38

S.W.(2d) 834; Taylor Milling Co. v. American Bag Co. (Tex. Civ. App.) 230 S. W. 782; R. L. Heflin, Inc. v. Texas Oceanic S. S. Co. (Tex. Civ. App.) 53 S.W.(2d) 135; Loveless v. Johnson (Tex. Civ. App.) 274 S. W. 658; Norm Co. v. City Drug Stores (Tex. Civ. App.) 59 S.W.(2d) 270; Southwestern Public Service Co. v. Smith (Tex. Civ. App.) 48 S.W.(2d) 456; Bell v. Mulkey (Tex. Com. App.) 16 S.W.(2d) 287; Id. (Tex. Civ. App.) 7 S.W.(2d) 115; 17 Tex. Jur. pp. 825, 826.

For the errors stated, the judgment is reversed and the cause remanded.