## LABAY v. AMICABLE LIFE INS. CO.

### No. 3112.

Court of Civil Appeals of Texas.
Waco.

Oct. 8, 1953.

Scott, Wilson & Cureton, Waco, for appellant.

Witt, Terrell, Jones & Riley, Waco, for appellee.

TIREY, Justice.

This cause (non-jury) is an appeal by the defendant from an order entered overruling

his plea of privilege to be sued in Wilbarger County, the county of his residence. The judgment entered is assailed on two points. They are substantially as follows: (1) Because appellee failed to plead and prove its suit was brought on an obligation which appellant contracted to perform in McLennan County; and (2) because the court erred in admitting in evidence plaintiff's exhibits Nos. 1 and 2 because they had not been properly proved.

A statement is necessary.

Plaintiff alleged in part:

"That on January 1, 1950, plaintiff and defendant entered into a written contract by virtue of which defendant was authorized to solicit applications for insurance on the lives of individuals and by virtue of which plaintiff agreed to pay certain compensation; that said contract also contemplated that the defendant might or would become indebted to plaintiff, and that said contract provided that any indebtedness due plaintiff by defendant should be secured by a lien against any amounts due defendant by plaintiff, and that the amount of said indebtedness due plaintiff by defendant should bear interest at the rate of six per cent per annum; that said indebtedness should be payable on demand, and that said contract should be deemed performable in Waco, McLennan County, Texas, and that the venue of any controversy arising out of said contract or upon the breach thereof shall be in McLennan County, Texas.

"That the defendant is indebted to plaintiff in the amount of Three Thousand Two Hundred Fifty-Three and 10/100 ($3253.10) Dollars, plus interest at the rate of six per cent per annum, all in accordance with the terms and provisions of said written contract, and that defendant, although often requested, has failed and refused and still fails and refuses to pay the same to plaintiff's damage in said amount."

The contract of January 1, 1950 tendered in evidence provided in part:

"20. This contract shall be deemed performable at the Home Office of the Company in Waco, McLennan County, Texas; and it is agreed that the venue of any controversy arising out of this contract, or from the breach thereof, shall be in McLennan County, Texas."

Over objection of appellant a contract between plaintiff and defendant dated April 2, 1947 was tendered in evidence, being ancillary to the contract of 1950, and in this connection we quote paragraph 18 of the 1950 contract:

"18. That this contract covers and includes all agreements between the parties hereto, and supersedes any and all previous contracts and agreements between the parties hereto, it being understood, however, that all obligations to the company heretofore incurred or assumed by the Agent, and liens created in connection therewith, still exist and his right to commissions already earned under previous contracts is not impaired."

The Vice-President of appellee testified to the effect that he had supervision of the records relating to the acts between the Company and its agents; that defendant had been an agent since 1947; that when policies of insurance were issued by the Company the account of defendant with the Company was charged with the amount of said premiums and the agent was given credit on his account with commissions accruing in his favor; that ledger sheets were prepared and kept up to date reflecting the status of the agent's account, and that according to said ledger sheets the defendant was indebted at the time to plaintiff in the sum of $3,171.46, and that all legal credits and offsets to which said agent was entitled had been fully allowed. He further testified to the effect that all premiums collected by the appellant had been fully paid, and that the unpaid balance due on the account represented advances made from time to

time by the plaintiff to defendant, which had not been repaid.

Appellant was called as a witness by plaintiff and testified to the effect that he was a resident of the City of Vernon in Wilbarger County, and had resided there continuously since the year 1949, and that he was a resident there at the time of the filing of this suit and service and citation and at all times since. The contracts of 1949 and 1950 were presented to him and he identified his signature on each instrument (and there was no denial under oath as provided by Rule 93, Texas Rules of Civil Procedure) and they were tendered in evidence as Exhibits Nos. 1 and 2 respectively.

There was no request for findings of fact and conclusions of law and none filed and the cause is here on an agreed Statement of Facts.

Appellant's plea of privilege complies with Rule 86, T.R.C.P. Subject to his plea and without waiving the same, he answered that "he does not at this time owe plaintiff any money that is due; that if defendant owes plaintiff any money at all, which he does not admit, then same is to be paid out of further renewal commissions on policies which he has written for the plaintiff which may become due in the future." Plaintiff sought to maintain venue in McLennan County under Sec. 5 of Art. 1995, Rev.Civ. Stats., Vernon's Ann.Civ.St. art. 1995, subd. 5, and seasonably controverted appellant's plea and the pleadings, controverting affidavit and plea of privilege were tendered in evidence.

Since appellee grounded its cause of action upon a written instrument performable in McLennan County, alleged to have been executed by appellant, we think this case is ruled by Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234 (Com.App.; opinion adopted). See Points 1, 2, 3 and 4. Citing cases and citing Acts of 1939, 46th Leg. p. 204, sec. 1, Vernon's Ann.Civ.Stat. art. 2007; Rule 86, Rules of Civil Procedure. Our Supreme Court has not departed from the rule there announced. See also opinion of this court in Gifford-Hill & Co. v. Hearne Sand & Gravel Co., 183 S.W.2d 766, points 1 and 2; also Rudman v. Hawkins, 226 S. W.2d 491, points 1 and 2.

Under the record here made, our view is that the contracts of 1947 and 1950 were admissible and appellee's Point 2 is overruled. Nor do we think the pleadings of appellee are insufficient to support the judgment entered. The rule is: "In the absence of special exception the petition will be liberally construed in the pleader's favor and to support the judgment." See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 515, 141 A.L.R. 50 (Com.Apps., opinion adopted). Since appellee tendered testimony to the effect that appellant was indebted to it in the sum of $3,171.46 by virtue of the contract tendered in evidence, and since the judgment was favorable to appellee, on appeal the appellee's testimony must be taken as true. See Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925. Since the cause was tried without the aid of the jury, we are bound by the following rule: "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, Tex.Sup., 237 S.W.2d 286. See also cases collated under 4 Tex.Dig., Appeal & Error,

It is true that the court did not make any express findings of fact and conclusions of law, but we presume he found facts sufficient to support the judgment entered. See Rule 299, T.R.C.P. See also Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164.

It follows from what we have said that we are of the opinion that Point 1 must be overruled.

Accordingly, the judgment of the trial court is affirmed.