Anastacia G. SALINAS et vir,
Appellants,

v.

Ignacia G. GUTIERREZ et al.,
Appellees.

No. 13658.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 7, 1960.

Rehearing Denied Jan. 4, 1961.

Gerald Weatherly, Laredo, McCullough, Mortensen & Murray, Harlingen, Arnulfo Guerra, Roma, for appellants.

Kelley, Looney, McLean & Littleton, Edinburg, Arnold Vale, Emilio Gutierrez, Rio Grande City, for appellees.

BARROW, Justice.

This is a suit by Ignacia G. Gutierrez and husband, Ignacio Gutierrez, and Manuela

Salinas de Guerra, against Anastacia G. Salinas and husband, Salvador Salinas, involving the present right of possession of a 1,452.6-acre tract of land in Starr County, Texas, being out of Porcion No. 103, of the Ancient Jurisdiction of Camargo, Tamaulipas, Mexico, now located in Starr County, asking the court for a declaratory judgment to establish, adjudicate and declare plaintiffs' right of possession to said land as co-tenants with defendants; that the co-tenancy relationship be established, and that plaintiffs' rights as such be quieted. The case was tried to a jury on three special issues, in response to which the jury found: (1) That Lucio Guerra Barrera held peaceable possession and use of the land under a claim of right by inheritance prior to any adverse claim asserted by defendant Salvador Salinas; (2) that plaintiffs, Ignacia G. Gutierrez and Manuela Salinas de Guerra, were co-tenants with defendants, Anastacia G. Salinas and husband, Salvador Salinas, on the land or claim to the land in question, from the time of the death of Lucio Guerra Barrera in 1933; and (3) that Salvador Salinas and Anastacia G. Salinas have not held peaceable and adverse possession of the land in question for a period of ten years prior to the filing of this suit. Judgment was rendered for plaintiffs and defendants have appealed.

The following facts are established by the evidence: Some time prior to the year 1900, Geronimo Guerra claimed and possessed a large tract of land known as the Mirasoles Ranch which extended over the northern portions of Porciones 103, 104, 105, 106, 107 and 108 of the Ancient Jurisdiction of Camargo, Tamaulipas, Mexico, now situated in Starr County, Texas. This ranch included the 1,452.6 acres in Porcion No. 103, involved in this suit. Geronimo Guerra died in the year 1916, leaving eight children as his heirs. These children partitioned the ranch among themselves by verbal partition and agreement, each one taking possession of his or her part by agreement of the others. One of the sons, Lucio Guerra Barrera, in this division, re-

ceived a portion of the ranch lying within Porciones 103, 104 and 105, and included the land described in the decree in this case. He took possession of this land and continued to use and enjoy it until his death in 1933. This land was separately fenced from the remainder of the original ranch and was used by Lucio Guerra Barrera for grazing his cattle.

Lucio Guerra Barrera had only two children, a son, Ignacio Guerra, and a daughter, Anastacia Guerra. The son, Ignacio, preceded his father in death and left surviving him his widow, Manuela Salinas de Guerra, and a daughter, Ignacia Guerra, who in 1935 married Ignacio Gutierrez, and they are the plaintiffs and appellees herein. The daughter, Anastacia Guerra, married Salvador Salinas, and they are the defendants and appellants.

Prior to the death of Lucio Guerra Barrera, upon his becoming ill, Salvador Salinas undertook the care and management of the land and cattle, and when Lucio Guerra Barrera died the care and supervision of the land and cattle by Salinas continued under an agreement between the parties that Ignacia Gutierrez was to bear her share of the expenses and receive her share of the proceeds from the sale of cattle. The cattle were divided one-half to Anastacia Salinas and one-half to Ignacia Gutierrez. Salvador Salinas continued such care and supervision under said agreement until 1956, and Ignacia Gutierrez paid her one-half of the expenses during all said period.

The evidence showed that all of Porciones 103, 104 and 105 were undivided lands and that after the death of Lucio Guerra Barrera, Porciones 104 and 105 were partitioned by court decree among the various owners of undivided interests, and that Anastacia Salinas and Ignacia Gutierrez were awarded that portion of these Porciones which were within the boundaries of the Lucio Guerra Barrera fences, share and share alike. There was evidence showing that Salvador Salinas

and his wife, Anastacia Salinas, never at any time prior to 1952 repudiated the co-tenancy of Mrs. Gutierrez, but at all times recognized her ownership in the land. In 1952, however, Salvador Salinas gave notice to Mrs. Gutierrez and her husband that he was claiming all the land adversely to her.

The record also shows that there is now pending a partition suit involving all of Porcion No. 103, to divide the same among the numerous owners or claimants, in which suit the parties to this suit have answered, and in which Salvador Salinas claims all the land involved herein and described in this suit, and Mrs. Ignacia Gutierrez claims that she and Mrs. Anastacia Salinas are the joint owners thereof, share and share alike.

Appellants base this appeal upon thirteen points. By Points 1, 2, 9 and 10, appellants contend that the court erred in rendering judgment for appellees and in not rendering judgment for them. Their contention is based upon two propositions: (1) That the court does not have authority to adjudicate mere right of possession, unless such possession has ripened into title by adverse possession, which must be adjudicated; and (2) that possession of real estate under adverse claim cannot pass by inheritance. We overrule these contentions.

■ Neither of the parties have shown any record title in themselves. They both rely on rights and title by limitation. While plaintiffs' petition in the first count contains a complete formal trespass to try title allegation, it is in the fourth count that they specifically plead their rights under the facts. It must be borne in mind that Mrs. Gutierrez does not claim the land by adverse possession as to the defendants, but contends that possession is joint in her and defendant Anastacia Salinas, as heirs of Lucio Guerra Barrera, deceased, and that their joint possession is adverse to all other persons. That matter must be adjudicated, if at all, in a suit in which the record own-ers are made parties. In this case, however, appellant Salvador Salinas having given notice to Ignacia Gutierrez that he is claiming all the described land as against her, that amounts to an ouster as against her co-tenancy, thus rendering it necessary for her to protect her joint right of possession and establish her co-tenancy as against the adverse claim of appellant. While this situation presents a novel problem in which we have found no analogous authority, nevertheless, we believe a declaratory judgment proceeding is a proper remedy to protect her interest in the land against the claims of her co-tenant, pending the adjudication of title by suit against the record owners of the land. Otherwise her title might be lost by reason of the adverse possession of appellants, which by reason of ouster would start the running of the statute of limitation against her upon notice to her of their adverse claim. We think this case comes clearly within the Uniform Declaratory Judgments Act, Article 2524–1, Vernon's Tex.Civ.Stats. In Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837, it was held that the declaratory judgment proceeding authorized by statute is an additional remedy and does not supplant any existing remedy. It is intended as a speedy and effective remedy for determination of the rights of the parties when a real controversy has arisen and even before the wrong has actually been committed. The court also held that the existence of another adequate remedy does not bar the right to maintain an action under the statute for a declaratory judgment. We think under that authority appellees' right to have their status of co-tenancy established and declared is not precluded by the fact that they might have established the same in a trespass to try title action against the record owners of the land involved.

■ Appellants' second contention, as above stated, is that the court erred in holding, in effect, that exclusive possession of real estate under a claim of right cannot be the subject of inheritance, even though

such possession be adverse. This contention cannot be sustained. The rule is stated in 2 Tex.Jur. 169, § 89, Adverse Possession, as follows:

> "Privity of possession between successive occupants or possessors of the land is shown to have existed, apparently, by proof that the earlier occupant's possession and claim passed or was transferred to the later occupant by agreement, gift, *devise* or *inheritance*." (Emphasis added.)

In Hutto v. Cook, 139 Tex. 571, 164 S. W.2d 513, 515, the Supreme Court had before it the identical question. In that case, S. Newman and his wife and some of their children possessed the land for two years, 1923 to 1925. After S. Newman died, his wife, a daughter, a grandson, and a son lived on the property. However, in 1927 they all moved off the property and it was occupied by tenants from 1928 to 1936. N. R. Newman, one of the sons, who occupied and managed the land testified that he was claiming the property for all the heirs. In holding that the possession and claim passed by inheritance to the heirs of S. Newman and wife, the Court said:

> "Article 5516, R.C.S.1925, provides that: 'Peaceable and adverse possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them.' Privity of estate, as said in Vol. 2, p. 169, § 89, of Texas Jurisprudence, is shown under the following circumstances: 'Privity of possession between successive occupants or possessors of the land is shown to have existed, * * * by proof that the earlier occupant's possession and claim passed or was transferred to the later occupant by agreement, gift, devise or inheritance.' Also, see McAnally v. Texas Company, 124 Tex. 196, 76 S.W.2d 997. Where it is shown that the earlier occupant died and the later occupant went into possession as an heir, privity between them is established, and their periods of possession may be tacked. Olive v. Bevil, 55 Tex. 423; 2 Tex.Jur., p. 170, § 89; 2 C.J.S. Adverse Possession, § 79b, p. 623; 1 Amer.Jur., p. 880, § 153; Tiffany's The Law of Real Property, 3d Ed., 1939, Vol. 2, p. 435, § 1146."

■ By their points three to eight, inclusive, appellants contend that the answers of the jury to Special Issues Nos. One, Two and Three are not supported by any evidence, or that such answers are against the undisputed evidence, or great preponderance of the evidence. These points are overruled.

We first note that appellants made no complaint in the trial court of the form or substance of the issues submitted. In considering these points we have searched the record as a whole. The evidence shows that Lucio Guerra Barrera was in exclusive possession of the land and claimed the same, from 1916 until his death in 1933. We have found no evidence that his possession was interrupted or disputed. We find that, under the facts in evidence, following his death such possession continued in his heirs, appellant Anastacia G. Salinas, and appellee Ignacia G. Gutierrez. That while the actual possession was in Salvador Salinas, husband of Anastacia G. Salinas, his possession was under an agreement between the co-tenants for him to act as their agent, and that the joint ownership of Ignacia G. Gutierrez was never disputed but continuously recognized by him until the year 1952. The preponderance of the evidence also supports the jury's finding that Salvador Salinas had not been in possession of the land for a period of ten years prior to the year 1956, claiming the same adversely to the co-tenant, Ignacia G. Gutierrez.

Appellants' points 11, 12 and 13 are without merit and are overruled.

The judgment is affirmed.