Thomas L. ANDERSON et al., Appellants,

v.

John S. McRAE et al., Appellees.

No. 8105.

Court of Civil Appeals of Texas,
Texarkana.

April 24, 1973.

Rehearing Denied May 22, 1973.

J. Richard Whittington, Hunter & Greenfield, Dallas, for appellants.

Gordon Wynne, Wynne & Wynne, Wills Point, for appellees.

CORNELIUS, Justice.

This suit was brought by Francis M. Blanks, J. E. McRee, William H. Vaughan, III, John S. McRae, Richard D. Bates, Howard E. Moore, Kathryn Fink and Wentworth T. Durant, against Thomas L. Anderson, George V. Basham, Jr., and Jess L. Irwin. Plaintiffs were lot owners in a subdivision known as Brookhaven in the Pines, located in Wood County, Texas, and they sought a declaratory judgment from the court construing certain restrictions and easements allegedly granting lot owners in said subdivision exclusive rights to Brooks Lake and to certain recreational areas and roadways located near and adjacent to the subdivided lots. Plaintiffs also sought to "recover of . . . . the defendants, their property free and clear of any claim of the defendants . . ." and to remove cloud from their title.

The defendants Anderson and Basham, when owners of approximately 1100 acres of land in Wood County, Texas, platted

and subdivided a portion of said land and designated it as Brookhaven in the Pines, Section 1. Subsequently they platted and subdivided four more sections, each being named Brookhaven in the Pines, with the appropriate section number added. After the filing of the plats, Anderson purchased the interest of Basham in all of the land with the exception of the subdivided portions and certain other excluded portions. Included in the area he purchased was a lodge building and Brooks Lake. After his purchase, Anderson began commercial operations at the lodge which included the allowance of parties who patronized the lodge and who were not lot owners in any of the subdivided sections, to use the lake and the roadways and recreational areas which plaintiffs contended had been set aside for the exclusive use of lot owners.

A jury was waived and trial was to the court. At the conclusion of the evidence the court rendered judgment for the appellee lot owners, "declaring" that the lot owners in all of the sections of Brookhaven in the Pines are entitled to the exclusive right and use of all of the roads, parks and recreational areas, with the exclusive right of fishing, hunting, swimming, boating and other recreational activities upon all of the land described in said sections, together with the lake lying adjacent to and within the boundaries of said subdivisions. The court further decreed that Anderson could operate the lodge for profit, but that no guests of the lodge could use said reserved areas unless the guest was a lot owner or was accompanied by a lot owner. From this judgment appellant Anderson only has appealed.

The trial court made findings of fact and conclusions of law, the pertinent portions of which are briefed and summarized as follows:

## FINDINGS OF FACT

On or about November 6, 1964, the defendants Anderson and Basham filed in the Wood County Clerk's office a plat of a subdivision entitled Brookhaven in the Pines, Section 1, intending thereby to make a private development; that subsequently other plats were filed designating Sections 2, 3, 4 and 5 of Brookhaven in the Pines; that each plat had depicted on it the boundaries of a lake and designated roadways, pathways and recreational areas; that such plats met the requirements of Vernon's Tex.Rev.Civ.Stat.Ann. art. 6626a; that after making such plats the defendants circulated brochures which stated that Brookhaven in the Pines was a private, restricted club whose hunting and fishing privileges were available only to lot owners; that after the sale of lots began Anderson and Basham filed a declaration of restrictive use, providing that no use should ever be made of the remaining land which would interfere with the rights of lot owners to use such land for hunting, fishing, and recreation; that Anderson purchased all of the interest of Basham in the nonsubdivided land and executed and filed of record a declaration of indemnity in which he agreed to honor all representations and warranties made by Basham and Irwin in the sale of lots; that lots were sold to plaintiffs after the filing of the plats; that lots were sold and described by reference to said maps and plats; that defendants represented to plaintiffs that hunting and fishing privileges were available only to lot owners and that plaintiffs purchased their lots believing and relying on such representations and believing that such rights and facilities were reserved exclusively for lot owners and took possession of their lots in reliance on such representations, and made expensive, extensive and valuable improvements on their lots in reliance thereon and with the full knowledge of the defendants; that the plaintiff Durant expended more than $20,000.00 in reliance upon said representations; that the representations were made as inducements to purchasers to buy waterfront lots; that the plats were designed so that lot owners would be assured of waterfront lots and access to the lake only in common with other lot owners; that all such areas

were for the exclusive use of lot owners; and that Anderson rented the lodge facilities to the public and non-lot owners and allowed them to have full use of the lake and recreational areas.

## ADDITIONAL FINDINGS

That each plaintiff at the time of the execution of his deed entered into an agreement with defendants concerning the use of the lake which provided that the rights to use same were nonexclusive; that Anderson after purchase of Basham's interest became the sole owner of the lake and roadway and recreational areas, as well as the lodge and the 4.733 acre tract on which it is located; that the declaration of restrictive use executed by Anderson and Basham excluded the lots in the subdivisions, including the lots of plaintiffs; that the contract to purchase, deeds, declaration of restrictive use and agreement relating to the use of the lake were all of the written instruments executed by the parties relating to the rights in dispute; that all representations, whether written or oral, and brochures made by the defendants to the plaintiffs became part of their contracts to purchase and their deeds; that plaintiffs' lots were purchased more than two years prior to the suit; that Anderson made no representations, but that they were made by his agents in the scope of their employment and with his acquiescence and ratification; that a dispute has arisen between plaintiffs and defendants as to the construction of rights under the written agreements, deeds and plats referred to above.

## CONCLUSIONS OF LAW

That, facts having been found as set out (enumerating some of them), the plaintiffs are entitled to an easement appurtenant on all streets, alleys and designated areas on the plats referred to in the Findings of Fact, and the defendants are estopped to claim that the plaintiffs are not entitled with other lot owners to the exclusive hunting, fishing and recreational rights in the lake and recreational areas designated in said plats, and that the defendant is entitled to use the lodge and rent its facilities to the public, but guests of the lodge may not use said areas unless they are lot owners or are accompanied by a lot owner; that the agreement relating to the use of the lake, signed by the plaintiffs and the defendants, did not grant an easement or covenant running with the land and merely provides for nonexclusive use of said lake; that Anderson by granting to lodge guests the right to use the disputed areas ousted plaintiffs from the possession of the rights and appurtenances belonging to the lots owned by them; that such actions of Anderson placed a cloud on the title of plaintiffs; that representations were made to each plaintiff by the agents and partners of Anderson as to the exclusive character of the addition, and the defendant Anderson has violated said representation; and that all of the elements of estoppel are present.

By his first two points of error appellant urges that the trial court had no jurisdiction to grant relief in the form of a declaratory judgment, and that therefore his objection to the jurisdiction should have been sustained. The gist of appellant's contention in this regard is that the trial court, rather than construing existing rights dependent upon written instruments, in effect modified or revised the rights and status of the parties, based upon representations, inducements, brochures and other extraneous matters. If, however, the trial court did err in taking this action, the error was in the *propriety* of taking same, and not in the lack of jurisdiction or *power* to adjudicate the issues. The Declaratory Judgments Act did not create new jurisdiction or enlarge the existing jurisdiction of the district courts, and consequently, in actions for declaratory relief the jurisdiction of the court depends upon the subject matter involved. Stecher v. City of Houston, 272 S.W.2d 925 (Tex.Civ.App. Galveston 1954, Ref'd, N.R.E.); Mason v. Mason and Brown, 182 S.W.2d 729 (Tex.

Civ.App. Dallas 1944, Ref'd, w. o. m.); 19 Tex.Jur.2d p. 162. This suit involved claimed easements in, and rights to the exclusive use of, land in Wood County, Texas. Since the trial court obviously had jurisdiction of the subject matter of the suit, it had jurisdiction to grant declaratory relief if it was *proper* to do so under the pleadings and evidence. 19 Tex.Jur.2d p. 162, Sec. 23, and cases there cited.

We therefore next consider whether it was proper for the trial court to grant declaratory relief in view of appellant's contention that the court was not simply construing or settling the status of the parties and their existing rights under written instruments, but was in fact granting equitable relief in modifying or revising rights specified in written instruments, based upon extraneous evidence or developments allegedly justifying such relief.

■ The Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1, is remedial, and its purpose is to settle and afford relief from uncertainty and insecurity with reference to rights and status and other legal relations. 19 Tex.Jur.2d 145; Tex. Rev.Civ.Stat.Ann. art. 2524–1, Sec. 2. The Act is to be liberally construed and should not be hedged about by technicalities. Cobb v. Harrington, 144 Tex. 360, 190 S. W.2d 709 (1945); Arterbury v. United States Nat. Bank of Galveston, 194 S.W.2d 803 (Tex.Civ.App. Galveston 1946, no writ). The remedy does not supplant those already existing, but it is an alternate or additional remedy to facilitate the administration of justice. Although the Act states that any person interested under a deed, will, written contract or other writings, may have determined any question of construction or validity under such instrument, it also specifically provides that such enumeration is not exclusive and does not restrict the exercise of the general power of the court prescribed in Section 1 to "declare rights, status, and other legal relations." Tex.Rev.Civ.Stat.Ann. art. 2524–1, Sec. 5. The Declaratory Judgments Act

further provides in Section 1 that the court has power to grant declaratory relief, " . . . . whether or not further relief . . . is claimed," illustrating that seeking other or additional relief in a declaratory judgment action is not improper. See 19 Tex.Jur.2d p. 171.

■ It is also settled that the existence of another adequate remedy does not bar the maintenance of an action for declaratory relief; Cobb v. Harrington, supra; Arterbury v. U. S. National Bank of Galveston, supra; Zamora v. Zamora, 241 S.W.2d 635 (Tex.Civ.App. El Paso 1951, no writ), and that the entry of a declaratory judgment rests within the sound discretion of the trial court. Cobb v. Harrington, supra; Zamora v. Zamora, supra; Kimble v. Baker, 285 S.W.2d 425 (Tex. Civ.App. Eastland 1955, no writ). The Declaratory Judgments Act is therefore not limited in its application to strict actions to declare rights under written instruments and statutes. It is applicable whenever there is a justiciable controversy involving uncertainty or insecurity as to the rights, legal relations or status of parties and when declaratory relief will settle the dispute and put an end to the controversy. A wide variety of factual situations has been recognized as entitling one or both sides of a controversy to declaratory relief. 26 C.J.S. Declaratory Judgments § 31 et seq.; 19 Tex.Jur.2d Declaratory Relief, Secs. 14, et seq. Most Texas cases dealing with the type of relief sought in the instant case were framed as actions for injunctive relief or to remove cloud from title. Doss v. Blackstock, 466 S.W.2d 59 (Tex.Civ.App.Austin 1971, n. r. e.); Forister v. Coleman, 418 S.W.2d 550 (Tex.Civ. App. Austin 1967, n. r. e.); Pokorny v. Yudin, 188 S.W.2d 185 (Tex.Civ.App. El Paso 1945, no writ). However, in other states which have adopted the Uniform Declaratory Judgments Act, actions seeking relief under fact situations strikingly similar to the one involved here have been held to be proper subjects for declaratory relief. Carver v. Leatherwood, 230 N.C.

96, 52 S.E.2d 1 (1949); Hine v. Blumenthal, 239 N.C. 537, 80 S.E.2d 458 (1954).

■ The cases cited by appellant as supporting his contentions that declaratory relief is not proper are clearly distinguished. For example, in Emmco Insurance Co. v. Burrows, 419 S.W.2d 665 (Tex.Civ.App. Tyler 1967, no writ), the plaintiff was seeking to avoid compliance with an undisputed contractual obligation created by a contract which had not even been introduced in evidence. The court held that since there was no question of law involved but only a question of fact, and the plaintiff was in reality seeking to avoid a contract, the subject as presented was not a proper one for declaratory relief. The dictum in the opinion in that case relating to a narrow application of the Declaratory Judgments Act is contrary to the clear provisions of the Act itself, as well as the weight of authority in Texas and elsewhere. It seems to us, therefore, that if the pleadings and evidence authorize the relief granted, the fact that the form of the judgment is that of declaratory relief, rather than that of injunction or removal of cloud from title, affords no basis of complaint by appellant.

■ Appellant argues that the court did not have jurisdiction to grant declaratory relief, because there was no justiciable controversy. It is necessary that there be a justiciable controversy before the Texas Courts may act, whether in a declaratory judgment suit or in any other suit. Board of Water Engineers of the State of Texas v. City of San Antonio, 283 S.W.2d 722 (Tex.Sup.1955); California Products, Inc., v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960). This is just another way of saying that Texas courts are prohibited from issuing advisory opinions or ruling upon hypothetical fact situations. However, a justiciable controversy which authorizes declaratory relief need not be one where a wrong has already been committed or a party has already been injured. It is enough if there is a

genuine controversy where parties are asserting conflicting claims of right. 19 Tex.Jur.2d pp. 147, 148, 149, Secs. 9 and 10; U. S. Coffee & Tea Co. v. Texas & Pacific Ry. Co., 280 S.W.2d 290 (Tex.Civ.App. Dallas 1955, n. r. e.); Ainsworth v. Oil City Brass Works, 271 S.W.2d 754 (Tex. Civ.App. Beaumont 1954, no writ); Railroad Commission v. Houston Natural Gas Corporation, 186 S.W.2d 117 (Tex.Civ. App. Austin 1945, err. ref'd, w. o. m.); Sabine River Authority of Texas v. Willis, 369 S.W.2d 348 (Tex.Sup.1963).

■ In the instant case, there not only was a controversy between the parties with respect to appellees' claimed rights of exclusive use of the lake and other disputed areas, but the court found there had been an actual violation of such claimed rights in that appellant had allowed non-lot owners to have full use of such areas, and such finding has support in the evidence. It is therefore clear that there existed in this case a controversy regarding such claimed rights which was sufficient for a declaration of the legal rights of the respective parties. Appellant actually contends that there was no justiciable controversy in that there was no dispute as to the *meaning* of the written instruments involved here; but we have already demonstrated that the Declaratory Judgments Act should not be limited to such a narrow application. In addition, the trial court found that by reason of the sale of lots by reference to recorded plats, and representations which were made, the appellees' deeds to the lots granted them easements appurtenant in and to the disputed areas. Therefore, the controversy here was in reality a dispute as to the construction of the rights granted appellees by their deeds.

■ Appellant also contends that the relief granted by the trial court was *not authorized by the pleadings*, since the pleadings of appellees did not allege that the deeds and instruments were ambiguous and did not allege facts authorizing any "revision, alteration or modification there-

of." The trial court apparently did not consider its judgment as being one which "altered, revised or modified" any written instrument, but rather as one which declared and settled the existing legal rights, relations and titles of the parties based upon the conveyances, plats and contractual agreements as they now exist, and we view the judgment in the same way. Although the judgment was not as artfully drawn as one might wish, we believe that such was its effect. Likewise, the pleadings of appellees do not fall into the strict mold of suits for declaratory judgment or to remove cloud from title, but the record shows no special exception or other objection to have been lodged against them by appellant, save his claim of "no jurisdiction" which was not sufficient as a special exception. Texas Rules of Civil Procedure, rule 91; Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983 (1945); Safety Casualty Co. v. Link, 209 S.W.2d 391 (Tex.Civ.App. Beaumont 1948, Ref'd, N.R.E.). Furthermore, no particular type of pleading is required by the Declaratory Judgments Act (19 Tex. Jur.2d 170) and the rules as to pleadings generally govern such actions. We believe the petition reasonably gave fair notice to the appellant of the claims of the appellees and the relief desired, and that it therefore was sufficient under the circumstances. Pleadings are to be liberally construed in favor of the plaintiff and to support the judgment when there are no special exceptions. Tex.R.Civ.P. 45; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513 (Tex.Comm. App.1941, no writ); Labay v. Amicable Life Ins. Co., 261 S.W.2d 476 (Tex.Civ. App. Waco 1953 no writ); Darr Equipment Co. v. Owens, 408 S.W.2d 566 (Tex. Civ.App. Texarkana 1966, no writ).

For the reasons stated, appellant's points of error Nos. 1 and 2 are overruled.

We now pass to a consideration of appellant's points of error Nos. 3 and 4. These points complain of the trial court's finding that the plat of Section 1 of Brookhaven in the Pines was filed in compliance with the provisions of Tex.Rev. Civ.Stat.Ann. art. 6626a, and that Sections 2, 3, 4 and 5 were platted and filed. The basis of complaint is that there was no jurisdiction in the trial court to so find, and no evidence to support the findings.

The complaint as to lack of jurisdiction fails for the same reason set out in connection with points of error Numbers 1 and 2. As to the contention that these findings are not supported by evidence, it is sufficient to say that there was evidence to support the basic facts that the plats were made and filed, as well as what they described and covered. As to the other facts, such as the location of the land outside of the city limits and the size of Wood County, the trial court apparently took judicial notice. If there was error in this it was harmless, since the trial court did not predicate its judgment upon the validity of the plat as a dedication of the disputed areas, but upon the acquisition by appellees of easements appurtenant by grant and by estoppel in pais. Even if strict compliance with Article 6626a would have been necessary to have a valid dedication, it would not be necessary for the plats to be valid dedications in order for the rights described therein to become a part of the deeds to the lots which were made by reference to said plats. Spencer v. Levy, 173 S.W. 550 (Tex.Civ.App. Austin 1914, err. ref'd); Bond v. Texas & Pacific Ry. Co., 39 S.W. 978 (Tex.Civ.App.1897, error ref'd); Clement v. City of Paris, 154 S.W. 624 (Tex.Civ.App. Texarkana 1913, no writ), or for such rights to arise by estoppel. Points 3 and 4 are therefore overruled.

Appellant's points of error Numbers 5 and 6 complain of the trial court's findings that the plats of the subdivisions had the lake, recreational areas, streets and passageways designated thereon, and that the plats and such matters became a part of the description in appellees' deeds.

The plats are in the record and they have drawn thereon an area in front of the

lots appearing as a shoreline, running in a meandering course. Between said line and the lot fronts are areas which are not subdivided into lots, but which are marked variously as "area reserved for recreation and roadway," and "roadway easement." Abutting on the other side of the meandering line, in the opposite direction from the lots, is an area which is designated "Brooks Lake." The plats also contain the following statement:

"NOW THEREFORE, KNOW ALL MEN BY THESE PRESENTS

That we, George V. Basham, Jr. and Thomas L. Anderson, do hereby adopt this plat designating the hereinabove described property as BROOKHAVEN IN THE PINES, SECTION NO. 1 in the County of Wood, Texas, and we hereby reserve for the owners of the lots in the said Section No. 1 and all other subsequent subdivisions of the abovementioned S62.12 Acre tract the recreation and roadway areas as shown on said plat. The roadway easements and areas reserved for roadways and recreation shown hereon are private ways and substandard in design and the County of Wood will never assume *maintenance* of same."

 Appellant seems to contend that since the lake and roadways and recreational areas are not completely contained in the plats and are not described in detail by metes and bounds, that the trial court erred in finding that they were "designated" by the plats and became a part of the description when lots were sold by reference to the plats. We do not agree. It is clear from the plats that the intention was to include the roadways and recreational areas and the lake front as appurtenant to the subdivided lots, and the trial court had evidence to support its finding that such areas had been "designated" on such plats. As to the areas becoming a part of the description of the lots when the sellers executed deeds to the lots describing them by reference to the plats, it is well

settled that when subdivided lots are conveyed by reference to a recorded plat, the matters contained in the plat become a part of the deed by incorporation by reference, Fuentes v. Hirsch, 472 S.W.2d 288 (Tex. Civ.App. El Paso 1971, Ref'd, n. r. e.); Pritchard v. Burnside, 140 Tex. 212, 167 S.W.2d 159 (1943); 19 Tex.Jur.2d p. 447, and that ". . . . the conveyance of each lot with reference to the map is a conveyance of all of the appurtenances ascertainable by the map." Spencer v. Levy, supra; City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924 (1904). Texas courts have recognized that in a proper case easements appurtenant may be acquired through grant and through estoppel, by a party who purchases lots in a subdivision. The cases so holding are usually those which involve the sale of lots by reference to a plat on which an easement or other appurtenant right is shown or referred to, and where representations concerning such easements or appurtenances were made as inducements to the purchase of said lots. See Forister v. Coleman, supra; Doss v. Blackstock, supra; Oswald v. Grenet, 22 Tex. 94; Harrison & Co. v. Boring & Kennard, 44 Tex. 255; Lamar County v. Clements, 49 Tex. 347. See also Evans v. Southside Place Park Ass'n., 154 S.W.2d 914 (Tex.Civ.App. Galveston 1941, ref'd, w. o. m.); Hogue v. Glover, 302 S.W.2d 757 (Tex.Civ.App. Waco 1957, ref'd, n. r. e.). The last two cases involved the claimed exclusive rights of lot owners to a park area and to a lake and stream respectively. It was held in those cases that the lot owners had acquired such rights as covenants running with the land.

Appellant relies on Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196 (Tex.Sup. 1962) as support for several of his points and for the general proposition that the easements claimed by appellees here do not meet the test set out in the above cited cases. We have carefully reviewed both the Court of Civil Appeals' opinion (347 S.W. 2d 730) and the Supreme Court opinion in Drye v. Eagle Rock Ranch, Inc., and are

convinced that the facts there are clearly distinguished from the facts here. Without attempting to catalog all of the differences, we point out that in *Drye,* the large area of land sought to be made subject to the easements was not owned by the parties who subdivided and sold the lots; no representations had been made by the owners of the land sought to be impressed by the easements; the essential elements of estoppel were not present; the major portion of the disputed area was not shown on the subdivision plats; and the claimed easements were vague, "easements in gross," rather than "easements appurtenant." Appellant's points of error 5 and 6 are respectfully overruled.

Point of error No. 7 attacks the trial court's finding that the subdividers of the land intended to make a private dedication. It is true that Texas does not recognize a private dedication in the sense that streets and other appurtenant rights can be dedicated to private individuals in the manner that a public dedication grants rights in roads, streets, parks and similar areas to the public generally. Drye v. Eagle Rock Ranch, Inc., supra. However, the trial court's judgment was based upon its findings and conclusions that the appellees had acquired easements appurtenant in the disputed areas by grant as part of their deeds and by estoppel. The judgment is not based upon a valid private dedication, and therefore, the finding complained of by point 7 is superfluous and harmless and the point is overruled.

Appellant's points of error Numbers 8, 9, 10 and 11 attack all of the findings of the court and particularly those to the effect that the lot owners have title to their lots and that they have exclusive rights or easements in the disputed areas, and that non-lot owner guests of the lodge have no rights to use said areas. Complaint is made on the ground that the court had no jurisdiction to so find and there was no evidence to support such finding. The claim of no jurisdiction has been dealt with earlier, except as to the apparent contention that the court had no power to find title in a declaratory judgment action. Since appellant Anderson and Basham were the grantors of the lots to the appellees, they were in no position to dispute the title they conveyed. Further, the power of the court in this regard is illustrated by the cases cited hereinabove which involve claimed easements and exclusive rights, as well as the case of Salinas v. Gutierrez, 341 S.W.2d 558 (Tex.Civ.App. San Antonio 1960, ref'd, n. r. e.). As to the evidence, a careful review of the record convinces us there was evidence to support the trial court's findings as to these matters. Points of error 8, 9, 10 and 11 are therefore overruled.

Appellant next urges by his points of error Numbers 12, 13 and 14 that the trial court erred in admitting into evidence certain brochures issued by the subdividers advertising the exclusive rights and privileges lot owners would acquire by purchasing their lots, and in allowing testimony as to representations concerning such rights allegedly made by the subdividers, and in finding that these brochures and representations became a part of the contracts of purchase and deeds to the lots.

Appellant's principal contention is that the admission of the brochures and representations violated the merger of written intsruments rule and the parol evidence rule, since they tended to vary, contradict or add to the terms of the deeds. Appellant's contentions here fail for two reasons: First, a well recognized exception to these rules is that prior or contemporaneous representations or agreements may be shown if they are collateral or if they constituted inducements for the taking of the deed or the execution of the written agreement. 23 Tex.Jur.2d p. 532; Huddleston v. Wheeler Lumber, Bridge & Supply Co., Inc., 75 S.W.2d 715 (Tex.Civ.App. Amarillo 1934, no writ); Pope v. Hennessey, 38 S.W.2d 834 (Tex.Civ.App. San Antonio 1931, no writ); Stinnette v. Mauldin,

251 S.W.2d 186 (Tex.Civ.App. Eastland 1952, ref'd, n. r. e.). As stated in Mc-Cormick & Ray's Texas Law of Evidence, Sec. 1633, the statement as to inducements is actually just another way of saying that unless the recited consideration is contractual, parol or other extrinsic evidence is always admissible to show what was the true or an additional consideration for the ultimate written agreement or deed. Jones on Evidence, Vol. 2, Sec. 504, p. 969; Gulf, C. & S. F. Ry. Co. v. Jones, 82 Tex. 156, 17 S.W. 534 (1891); Taylor v. Merrill, 64 Tex. 494; Sullivan & Co. v. Schreiner, 222 S.W. 314 (Tex.Civ.App. San Antonio 1920, writ ref'd.); Lindsay v. Texas Iron & Steel Co., 9 S.W.2d 287 (Tex.Civ.App. Texarkana 1928, ref'd). The testimony of representations which the trial court found constituted inducements or part of the consideration for the conveyance of the lots would be admissible under this exception to the rules. As concerns the brochures, even if some of the appellees purchased their lots without having seen the brochures, such advertisements would be consistent with and corroborative of the making of the prior representations which appellees alleged had been made to each of them as inducements, and would be in the nature of admissions tending to confirm what was actually represented. Second, the trial court sitting as the trier of fact concluded that the appellees acquired easements appurtenant over the disputed areas by grant because the lots were sold by reference to plats which designated and reserved such rights and appurtenances. Therefore, even if the admission of the brochures and representations constituted error, it was harmless since there was sufficient evidence to sustain the trial court's judgment on that theory, even if the brochures and representations be entirely disregarded. Any error of the court in finding that the brochures and representations became parts of the contracts and deeds, would be harmless under the circumstances. Points of error 12, 13 and 14 are therefore overruled.

By his points of error Nos. 15 and 16, appellant urges that the trial court erred in finding that appellant had "ousted" appellees in the enjoyment of their claimed rights and titles and in concluding that the appellees' titles had been clouded. We are of the opinion that since there was evidence that the appellant refused to recognize appellees' claimed exclusive rights and easements, and allowed others to use the allegedly restricted areas, there was no harm in the court finding that there had been an "ouster," although such a finding was not necessary for the relief granted. Likewise, in view of the above mentioned evidence, we do not feel that the trial court abused its discretion in finding that the lot owners' title had been clouded.

Finding no reversible error, all of appellant's points of error are overruled and the judgment of the trial court is affirmed.